ELIZABETH TILLSON, as Administratrix of the Estate of JOHN E. TILLSON, Deceased, Appellant, *v.* HERBERT KUHNER et al., Respondents.

ELIZABETH TILLSON, as Administratrix of the Estate of JOHN E. TILLSON, Deceased, Appellant, *v.* GREENPORT FIRE DISTRICT et al., Respondents.

Third Department, April 2, 1954.

*R. Waldron Herzberg* and *R. Monell Herzberg* for appellant.

*Warner M. Bouck, Harold E. Fritts* and *William F. Christiana* for Greenport Fire District, respondent.

*Harald R. Topken* for Livingston Fire District, respondent.

*Harold E. Fritts* for Town of Greenport, respondent.

BERGAN, J. On April 4, 1952, Herbert Kuhner, a volunteer fireman of the defendant Greenport Fire District in Columbia County, driving his own truck, collided on a public road within the Greenport District with an automobile operated by plaintiff's husband who died as a result of the accident.

Kuhner was on his way to the home of the Greenport District's fire chief to obtain fire equipment. He was making the trip at the direction of the fire chief. The equipment would have been used, after it had been obtained, to put out a fire in the adjoining territory of the defendant Livingston Fire District. Plaintiff, as administratrix, sued both fire districts. She also sued Kuhner and the two towns. We are concerned now only with the actions against the fire districts.

The two fire districts had previously entered into a '' mutual aid plan and agreement '' by the terms of which Livingston was entitled to the assistance of Greenport in fire control. Greenport District pledged '' its fire fighting equipment and services '', and the agreement recited that it did '' hereby authorize and instruct '' its fire department officers '' to co-operate and render '' assistance '' as needed ''.

It is pleaded that on the day of the accident the Livingston Fire District '' requested   *   *   *   Greenport Fire District to send '' equipment and volunteer firemen to put out the Livingston fire; and that the Livingston District further '' requested and directed '' the Greenport fire chief to do this.

These are the factual allegations of the complaint accepted at their maximum, and putting aside the several legal conclusions pleaded, such as the statement that the Greenport chief was '' acting as a servant, agent and employee '' of '' defendants ''.

The Special Term has dismissed the complaint against the Greenport District and granted summary judgment in favor of that defendant; and by separate order under a different motion has dismissed the complaint and granted judgment on the pleadings in favor of the Livingston District.

It will be assumed here, as it was at Special Term, that the sovereign immunity against action in tort was waived by both fire districts when the State yielded its general immunity by section 8 of the Court of Claims Act. (Cf. *Bernardine* v. *City of New York,* 294 N. Y. 361.)

When the plaintiff's husband was killed by the truck driven by Greenport District's volunteer fireman he was in the act of making preparation, within his own district, however, to render aid to the Livingston District. The theory of the order dismissing the complaint against Greenport District and granting judgment in favor of that district was that this act was within a class of fire district activity for which immunity from liability was granted by statute.

The statute upon which the Special Term relied is subdivision 6 of section 209-g of the General Municipal Law (added by L. 1946, ch. 834), which provides that no political subdivision of the State whose fire forces or employees '' are engaged in rendering outside aid and assistance pursuant to any request for aid or assistance or pursuant to direction of the governor or other official or agency authorized by, or pursuant to law so to direct shall be liable or accountable in any way or on account of any act or omission on the part of any officer or member of such forces or of any such employee while so engaged ''.

Passing the debatable question whether preliminary marshalling of equipment by a fire company in movements entirely within its own district is engagement in '' rendering outside aid '' within subdivision 6 of section 209-g, we proceed directly to a consideration of the effect of this statute on the usual tort liabilities to be expected from negligence of a fire district.

Section 209-g and sections 209-e and 209-f of the General Municipal Law were added together in the same chapter in 1946 as part of civil defense program enactments. The first new section in the 1946 statute (§ 209-e) provides for a '' state fire mobilization and mutual aid plan '' with some implementation; the second new section (§ 209-f) relates to police organizations. The third is section 209-g.

We think the Legislature by enacting paragraph 6 of section 209-g had in mind the mobilization of fire forces to meet warborn emergencies or similar general dangers calling up the broad unification of public power for civil defense. Words such as the requirements of '' the public interest '' and general State plans for '' fire mobilization and training '' permeate the 1946 enactment. Indeed, the words of exemption from liability in subdivision 6 of section 209-g follow rather closely the terms

of the previous War Emergency Act (L. 1942, ch. 544, §53; L. 1942, ch. 575).

Statutory approval of mutual arrangements by fire districts to help each other as a matter of local comity came far earlier than the statutory structure erected in 1946. As early as 1931, section 209 was added to the statute, authorizing '' outside service by local fire departments and companies ''. (L. 1931, ch. 332.) This enactment expressly permitted a fire district '' to go to aid another  *  *  *  fire district ''.

It charged any loss to fire equipment upon the requesting district; it preserved the '' same immunities and privileges '' of the members of the departments that they would have within their own districts. There was no suggestion that the district rendering such aid would be relieved of whatever liability to third parties it would have incurred otherwise. There were amendments to this section in 1937, 1940, and at a time that seems to us to be particularly significant, again in 1950. (L. 1950, ch. 710.)

This last amendment which the Legislature adopted after it had enacted the 1946 statute was a substantial continuance, as far as material here, of the substance of the original arrangement, of 1931 for voluntary local aid by fire districts to each other. The same '' immunities and privileges '' of members are again provided for; and the substance of the reimbursement by the district being aided for loss or damage to the equipment of the district rendering the aid is continued. Again, there is no reference to any general liability to other parties by the district giving aid.

It would seem reasonable that if the legislative intent had been to relieve a district giving such aid from existing tort liability the Legislature would not have re-enacted section 209 in 1950 in a form substantially the same as the 1931 statute, but would either have referred to the 1946 civil defense statute or set up a similar immunity in the 1950 enactment. The continuance of parallel statutes occupying somewhat different fields and making no reference to each other suggests an intention to leave unchanged existing liabilities of fire districts for torts of firemen carrying out local arrangements for mutual aid under section 209.

The Special Term correctly dismissed the complaint against the Livingston District which requested the aid. The fire district requesting outside aid would be responsible for the negligence of the other district firemen only if they were under its authority or control. It is clear that as the district requesting the aid,

Livingston had no right or authority to control Kuhner and certainly not any such right or authority while he was still in his own district.

The agreement was that the Greenport District "instructed" its firemen to co-operate with the Livingston District; the pledge was of equipment and services by the Greenport District. The agreement was a pledge by Greenport to exercise a control over its firemen; not a surrender of control of them to Livingston. The latter did not become the employer or master of Greenport's firemen by requesting aid under the terms of the interdistrict arrangement.

We have not considered the possibility of liability over against the Livingston District in favor of the Greenport District because that question is not presented in the record before us.

The order and judgment in favor of the defendant Greenport Fire District should be reversed, with $10 costs on the order and costs on the judgment in favor of appellant, and the order and judgment in favor of defendant Livingston Fire District should be affirmed, with $10 costs on the order and costs on the judgment in favor of that respondent.

FOSTER, P. J., COON, HALPERN and IMRIE, JJ., concur.

Order and judgment in favor of the defendant Greenport Fire District reversed, with $10 costs on the order and costs on the judgment in favor of the appellant; and the order and judgment in favor of the defendant Livingston Fire District affirmed, with $10 costs on the order and costs on the judgment in favor of that respondent.