■ JOSEPH M. WAHRHAFTIG et al., Appellants, v. SPACE DESIGN GROUP, INC., et al., Respondents.— *Per Curiam*. Appeal from an order of the Supreme Court at Special Term which referred defendants' motion to dismiss the action for lack of jurisdiction to another Special Term for trial by jury (in accordance with defendants' demand under CPLR 2218), of the issue of fact, raised on the motion, as to the alleged service of the summons upon the defendants. In their amended answer, by way of an affirmative defense, the defendants for the first time objected to jurisdiction, alleging that " the Court does not have jurisdiction of the person of either of the defendants herein in that neither of the defendants were served with a copy of the summons." The motion, not being made " before service of the responsive pleading" (CPLR 3211, subd. [e]), was not timely and should have been denied on that ground. So far as here pertinent, the statute provides that " an appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under paragraph eight of subdivision (a) of rule 3211 is asserted by motion or in the answer as provided in rule 3211." (CPLR 320, subd. [b].) CPLR 3211, thus referred to, provides, in subdivision (a) thereof, that: " A party may move for judgment dismissing one or more causes of action asserted against him on the ground that * * * 8. the court has not jurisdiction of the person of the defendant" and, in subdivision (e) thereof, that: " *At any time before service of the responsive pleading is required,* a party may move on one or more of the grounds set forth in subdivision (a), and no more than one such motion shall be permitted. * * * An objection based upon a ground specified in paragraphs eight or nine of subdivision (a) is waived if a party moves on any of the grounds set forth in subdivision (a) without raising such objection or if, having made no objection under subdivision (a), he does not raise such objection in the responsive pleading." (Emphasis supplied.) The quoted provisions with respect to remedy by motion or by defensive pleading

are in the disjunctive (cf. *Dominion of Canada Gen. Ins. Co.* v. *Pierson*, 27 A D 2d 484, 486) and clearly presented to defendants an option to interpose one or the other; and by their failure to proceed by motion "before service of the responsive pleading" they must be deemed to have elected to proceed solely by means of the affirmative defense pleaded in the amended answer. The rationale of the contrary result at which the Special Term arrived does not appear, except as *Vazzana* v. *Horn* (42 Misc 2d 989) and *Kukoda* v. *Schneider* (41 Misc 2d 308) are cited in its opinion. Neither case is in point or otherwise helpful, however. Neither involved a motion by a *defendant* to dismiss the action, made beyond the time limitation imposed by CPLR 3211 (subd. [e]), i.e., "before service of the responsive pleading"; but in each case a *plaintiff* moved against the defense and in each case the court treated the motion as one to dismiss a defense "on the ground that a defense is not stated or has no merit." (CPLR 3211, subd. [b].) A plaintiff's motion was treated in the same fashion in *Blatz* v. *Benschine* (53 Misc 2d 352), and respondents' reliance thereon is for that reason mistaken. The question whether a *defendant* might pursue the comparable remedy of a motion for summary judgment (CPLR 3211, subd. [e]) is not before us as in this case the issue of service is, concededly, a factual one. It is true that in *Brodsky* v. *Spencer* (53 Misc 2d 4), upon which respondents strongly rely, a defendant's motion to dismiss was granted, after answer, without discussion of the problem here involved; but we are in disagreement with that decision. Order reversed, on the law, and motion denied; with $10 costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam*.