■ ARNOLD BUCHHEIMER, Respondent-Appellant, v. NAOMI BUCHHEIMER, Appellant-Respondent.— Order, Supreme Court, New York County, entered October 7, 1974, denying defendant's motion for summary judgment and denying plaintiff's motion to amend the complaint, unanimously modified, on the law, to the extent of granting summary judgment to the defendant, dismissing the complaint and severing the counterclaim as to the wife and otherwise affirmed, without costs or disbursements. The husband instituted this action seeking to rescind a portion of a separation agreement between the parties. The wife answered and interposed a counterclaim for arrears in payments due pursuant to that same agreement. A prior grant of summary judgment dismissing the complaint was reversed by this court (42 A D 2d 522), since the issue of reliance by the husband on alleged misrepresentations was a question of fact barring the granting of summary relief. Trial of this action began on March 20, 1974 (subsequent to the above-mentioned appeal) and culminated in the declaration of a mistrial. This occurred because the wife, in the midst of trial, sought for the first time to assert the defense of waiver. The wife then moved for summary judgment based on waiver and Special Term denied this motion. Apparently, the proof adduced at the truncated trial revealed that the husband, after discovery of his wife's alleged fraudulent misrepresentation, proceeded to enforce three other portions of the very same separation agreement. In view of the husband's own testimony with regard to his awareness of the alleged fraud, and the continued enforcement of the agreement subsequent to that awareness, a waiver of a right to rescind had been spelled out (see, generally, 17A C. J. S., Contracts, § 416, p. 507), and therefore the wife was entitled to summary judgment. Concur — Stevens, J. P., Murphy, Lupiano, Capozzoli and Lane, JJ.

■

## (March 13, 1975)

■ CICILINE B. SMITH, Individually and as Administratrix of the Estate of REGINALD BURTON, Deceased, Appellant, v. NMU PENSION & WELFARE PLAN, Respondent.— Order of the Appellate Term First Department, entered on October 31, 1969, affirming a judgment of the Civil Court, New York County, entered September 12, 1968, affirmed, without costs and without disbursements. Regardless of any other consideration, it is the trust agreement which controls, and that document gave the trustees the authority to make the change in the regulations in dispute here. Concur — Markewich, J. P., Tilzer and Lane, JJ.; Kupferman and Murphy, JJ., dissent and vote to reverse on the dissenting opinion of Hofstadter, J., at the Appellate Term.