William L. Underwood, Jr., J.
The crucial question to be determined on this motion to dismiss the complaint is whether or not a defendant may move to dismiss a complaint upon the ground that the court does not have jurisdiction .over her person (CPLR 3211, subd [a], par 8) after she has preserved the objection in her answer. The case of Wahrhaftig v Space Design (29 AD2d 699) has held that a defendant is precluded from making the motion. This court respectfully disagrees with that holding.
The Wahrhaftig case is a literal reading of CPLR 3211 (subd [e]), and does not take into account the realities of the situation. The language of that subdivision does not specifically prevent a defendant from making a motion to dismiss after insertion of the objection in the answer. It does, however, laudably permit a defendant to move to dismiss one or more causes of action asserted against him before service of a responsive pleading, and if the motion is granted, the procedure thereby eliminates defendant’s need to investigate and prepare an answer (cf. CPLR 3211, subd [f]).
Conversely to the holding in Wahrhaftig, plaintiff could move at any time for judgment to dismiss the defense of lack *996 of in personam jurisdiction upon the ground that it has no merit. (Compare CPLR 3211, subd [b], with CPLR 3211, subd [a], par [7] and CPLR 3211, subd [e]; Sadif v Burnham & Co., 20 AD2d 777; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.47.) Furthermore, the court could order an "immediate trial of the issues raised on the motion” (CPLR 3211, subd [c]).
Therefore, a plaintiff could move at any time to dismiss the defense of lack of in personam jurisdiction and obtain an immediate trial of that issue, whereas according to the Wahrhaftig holding (supra) defendant is relegated to the trial on the merits to establish his defense.
Another reason for permitting the motion to dismiss after the answer which contains the objection, is that if plaintiff’s claim is dismissed at the trial because the court did not acquire jurisdiction over the defendant’s person, plaintiff may be barred by the Statute of Limitations to commence another lawsuit for the same claim. CPLR 205 (subd [a]) does permit a plaintiff to commence a new action upon the same cause of action within six months after the termination of the first action subject to certain nonrelevant exceptions. However, this section would not help this plaintiff because the Court of Appeals has held that a plaintiff cannot utilize the section when an action is dismissed for lack of in personam jurisdiction upon the theory that the first action was never "commenced” within the meaning of CPLR 205 (subd [a]) (Erickson v Macy, 236 NY 412). (The court dealt with the forerunner to CPLR 205, subd [a] and the only change is that the one-year grace period was reduced to six months.)
Finally, a defendant may move for summary judgment based upon lack of in personam jurisdiction, and the court may order an immediate trial of such issues of fact (CPLR 3212, subd [c]). In short, defendant, even if the Wahrhaftig reasoning is correct, can obtain the same objective, namely an early decision on the question of jurisdiction by moving for summary judgment, rather than to dismiss. (In all fairness to the Wahrhaftig court, CPLR 3212, subd. [c] was amended after its decision.)
Defendant’s motion to dismiss also contains the customary phrase "and for such other and further relief as to this Court may seem just and proper” thereby permitting the court, although as previously indicated it is not necessary to treat the motion as one for summary judgment. The court should decide motions on the merits and not place form over sub *997 stance. (Cf. CPLR 2214 which is not always obeyed, and see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 2214, C2214:5, p 71.)
In conclusion, the procedure for a motion under either section allows the court to determine the factual issue at a hearing and at this early stage of litigation, instead of adding this case to the court’s overburdened Trial Calendar. There is no rational basis for having this issue resolved at the trial and not at a hearing.
Defendant’s motion to dismiss the complaint upon the ground that the court lacks jurisdiction over her person is granted to the extent that a hearing shall be held in Special Term, Part I, on July 14, 1976 at 10:00 a.m. subject to the discretion of the Justice presiding in that part.