MARY RONSON, Respondent, v CHRIS RONSON, Appellant.—Judgment unanimously affirmed, with costs. Memorandum: Defendant appeals from a judgment granting plaintiff summary judgment in her action to collect two $2,500 past-due payments under a support agreement which contains a nonmerger clause and which was incorporated into a subsequent

divorce decree. In response to plaintiff's motion, defendant asserts that he was induced to enter into the agreement in October, 1972 by plaintiff's fraudulent misrepresentations and failure of disclosure concerning the extent of her assets. Although defendant realized gross earnings in excess of $138,000 in the year the agreement was executed, he claims that had he known that plaintiff held bank deposits which earned approximately $2,900 in annual interest income, he would not have agreed to pay her $26,200 annually as required by the agreement. Defendant avers that these deposits were discovered in 1974 during an examination of the joint income tax returns of the parties. Defendant's papers in response to the motion fail to raise a genuine issue of fact requiring a trial (CPLR 3212, subd [b]; *O'Meara Co. v National Park Bank,* 239 NY 386, 395). In order to vitiate the support agreement, he is required to show facts in evidentiary form. Conclusory assertions of fraud are insufficient *(Koppers Co., v Empire Bituminous Prods.,* 35 AD2d 906, 907; see *Blake v Guardino,* 35 AD2d 1022, affd 29 NY2d 876; *Lee v Graubard,* 205 App Div 344). The defendant's opposing papers fail to contain any reference to the circumstances surrounding the negotiation or execution of the support agreement. He offers no allegations as to the acts or statements of the plaintiff which constitute fraud. He merely relies upon his legal characterization of undisclosed facts and thus has failed to meet his burden. Absent a detailed statement of the circumstances constituting the wrong, the defendant may not rely on the assertion that he was fraudulently induced to execute the agreement, particularly where, as here, he was represented by counsel during a lengthy period of negotiation which culminated in an agreement which is apparently fair on its face (cf. *Riemer v Riemer,* 31 AD2d 482, 485, affd without opn 31 NY2d 881). Our examination of the terms of the agreement discloses no inference of overreaching in its execution and thus we make no further inquiry (see *Christian v Christian,* 42 NY2d 63). Nor may it be concluded that plaintiff concealed the existence of any bank accounts from the defendant. The record shows that the interest income from such accounts was entered on the joint income tax returns of the parties for the years 1969 through 1972, and no claim is made that this information was unavailable to the defendant when the support agreement was signed in October, 1972. Moreover, following his discovery of the alleged fraud, the defendant continued to enforce the provisions of the separation agreement and may thus be deemed to have waived the right to rescind *(Buchheimer v Buchheimer,* 47 AD2d 732). (Appeal from judgment of Jefferson Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Simons, Dillon and Goldman, JJ.