■   VIVIAN WALDEN, Respondent, v GENEVIEVE C. THAGARD, Appellant. —In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Kings County, dated March 24, 1977, which denied her motion for "an Order pursuant to CPLR 3211 (a) subdivisions 8 and 9 dismissing the complaint for lack of jurisdiction in personam and/or in rem upon the ground that the summons and complaint herein was served outside of the State before service of a copy of the Order of Attachment". Order affirmed, without costs or disbursements. The complaint alleges that on July 16, 1973, in Richmond, Virginia, plaintiff was injured as a result of defendant's negligent operation of a motor vehicle. On April 9, 1975 plaintiff obtained an order of attachment (see *Seider v Roth,* 17 NY2d 111) against the contractual obligation of defendant's automobile liability insurer to defend her. CPLR 314 provides: "Service may be made without the state by any person authorized by section 313 in the same manner as service is made within the state: * * * 3. Where a levy upon property of the person to be served has been made within the state pursuant to an order of attachment or a chattel of such person has been seized in an action to recover a chattel." On May 5, 1975, in Virginia, defendant was served with the summons and complaint by a deputy from the Essex County, Virginia, Sheriff's office. It was not until July 9, 1975, *after* service of the summons and complaint upon the nonresident defendant, that the order of attachment was served upon defendant's insurance carrier. On September 6, 1975 defendant served her answer to the complaint. The answer included one affirmative defense, viz.: "SECOND: That this Court lacks jurisdiction of the defendant GENEVIEVE CECILIA THAGARD by reason of failure to serve summons on GENEVIEVE CECILIA THAGARD in accordance with the provisions of statute." On May 19, 1976 plaintiff served her bill of particulars. On September 27, 1976 "calendar papers" were served on the defendant. CPLR 214 provides: "The following actions must be commenced within three years: * * * 5. an action to recover damages for a personal injury except as provided in section 215" (see, also, CPLR 202). On December 20, 1976, i.e., three and one-half years after the accident, one and one-half years after the attachment order was served upon defendant's carrier and one year and three months after the defendant had interposed her answer, the present motion to dismiss the complaint was made. The motion seeks dismissal under CPLR 3211 (subd [a], pars 8, 9). That statute provides, in pertinent part: "(a) Motion to dismiss cause of action. A party may move for judgment dismissing one or more causes of action asserted against him on the ground that: * * * 8. the court has not jurisdiction of the person of the defendant; or 9. the court has not jurisdiction in an action where service was made under section 314 or 315". In support of the motion defendant's counsel asserted: "Under the applicable statutes and case law, no jurisdiction at all is acquired even in rem unless the Order of Attachment is served *before* service of the summons and complaint" (emphasis in original). (See *Deredito v Winn,* 23 AD2d 849.) The opposing affirmation of plaintiff's counsel included the following statement: "It is obviously the intent of the defendant to allow enough time to pass so that the statute of limitations would be applicable to this matter if its *[sic]* motion were successful. The motion could have been brought any time in the past year and one half, but was deliberately delayed by the defendant to cause an unjust result to the plaintiff if the motion were successful." In our opinion Special Term correctly denied defendant's motion under CPLR 3211 (subd

[a], pars 8, 9). CPLR 3211 (subd [e]) provides: "(e) Number, time and waiver of objections; motions to plead over. At any time before service of the responsive pleading is required, a party may move on one or more of the grounds set forth in subdivision (a), and no more than one such motion shall be permitted. * * * An objection based upon a ground specified in paragraphs eight or nine of subdivision (a) is waived if a party moves on any of the grounds set forth in subdivision (a) without raising such objection or *if, having made no objection under subdivision (a) he does not raise such objection* in the responsive pleading" (emphasis supplied). CPLR 3018 (entitled "Responsive pleadings") provides: "(b) Affirmative defenses. A party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise". In our opinion the objection raised by defendant on this motion (that "no jurisdiction at all is acquired even in rem unless the Order of Attachment is served *before* service of the summons and complaint") was a matter "which if not pleaded would be likely to take the adverse party by surprise", yet it was not set forth in defendant's answer. The affirmative defense actually pleaded did not fairly apprise plaintiff of the objections now made. Accordingly, we deem the objections now made to have been waived by defendant. Damiani, J. P., Gulotta, Margett and Mangano, JJ., concur.