■ MILDRED SIPZNER, Respondent, v JERRY SIPZNER, Appellant.—In an action in which the plaintiff was granted a judgment of divorce, the defendant appeals, as limited by his brief, from (1) stated portions of an order of the Supreme Court, Queens County, dated June 16, 1978, which, *inter alia,* denied his motion to modify the judgment of divorce and (2) so much of an order of the same court, dated June 13, 1978, as upon reargument adhered to the original determination. Appeal from the order dated June 13, 1978 dismissed as academic, without costs or disbursements. No appeal lies from an order made on reargument of a decision. Order dated June 16, 1978 reversed insofar as appealed from, without costs or disbursements, by deleting the first and last decretal paragraphs thereof and matter remanded to Special Term for a hearing in accordance herewith. The defendant made an application to modify a 1969 judgment of divorce to allow him to gain access to sell the co-operative apartment which he wholly owns and which is occupied by the plaintiff, his former wife. The judgment of divorce provides, *inter alia,* that "the plaintiff [wife] and the infant issue of said marriage shall have the right to live in the said cooperative apartment without the obligation of paying any of the carrying charges of

the said apartment". The judgment of divorce was apparently based upon a stipulation of settlement and the basic issue involves a determination of what the parties intended by the terms of their settlement. The defendant essentially argues that the plaintiff's right to occupy the co-operative apartment is conditioned upon his obligations of child support and that since the issue of the marriage are now emancipated, his support obligations are terminated and, therefore, the plaintiff has no further right of occupancy. The plaintiff contends that she has an independent and absolute right of possession which was intended as a substitute for an award of alimony. The provisions in the judgment of divorce which concern the possession of the defendant's co-operative apartment are ambiguous and readily support contrary interpretations. Although the defendant wholly owns the co-operative apartment and restraints upon alienation in such situations are generally frowned upon (see *Edib v Edib,* 63 AD2d 643; *Barcelow v Barcelow,* 64 AD2d 1024), it is not inconceivable that he may have agreed upon a self-imposed restraint as an alternative to paying alimony. However, only by conducting a plenary hearing, which fully inquires into the parties' intentions, may it be determined whether the plaintiff's rights of occupancy is independent or whether it is linked to the defendant's obligation of child support. If the latter view prevails and the plaintiff is thereby compelled to terminate her occupancy Special Term should further consider whether such termination constitutes a sufficient change of circumstances as to require a modification of the judgment of divorce by awarding alimony (cf. *Barcelow v Barcelow, supra).* The related question of the right of the plaintiff to recover maintenance and carrying charges for the period of September 12, 1977 to April 30, 1978 should also be considered at the hearing. Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.