■ JANE RUBIN, Individually and On Behalf of JORDAN RUBIN, an Infant, Appellant-Respondent, v BURTON RUBIN, Respondent-Appellant.— Order, Supreme Court, New York County, dated July 18, 1978, granting defendant's motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 1) is unanimously reversed, on the law, without costs, and said motion is denied without prejudice to any appropriate motions for summary judgment. Defendant's cross appeal from said order is dismissed, without costs, on the ground that defendant was not a party aggrieved thereby. Appeal from the order entered October 11, 1978 which denied reargument is deemed withdrawn. This is an action by a former wife against her former

husband to declare the separation agreement between the parties null and void, and to vacate the judgment which dissolved the marriage between the parties (a "conversion" divorce, pursuant to Domestic Relations Law, § 170, subd [6], on the ground that the parties have been living separate and apart pursuant to the separation agreement). The ground of the action is fraud in that it is alleged that, in order to induce plaintiff to enter into the separation agreement, the husband represented to plaintiff wife that his gross income for 1975 did not exceed $75,000, and that his net worth did not exceed $75,000, whereas, in fact each of these exceeded $75,000 by more than 100%. Defendant moved before answer to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 1, 5, 7). Special Term granted the motion under CPLR 3211 (subd [a], par 1), i.e., that "a defense is founded upon documentary evidence." The court said: "that documentary evidence has been exhibited by the defendant in a form of tax returns indicating that a dismissal of the complaint as a matter of law is required." A representation as to defendant's gross income was contained in the separation agreement. Essentially defendant's position is that, as demonstrated by the tax return, the representation as to gross income was true, and that no representation was made as to net worth. In the circumstances, it would seem that at a minimum the party making the motion should say under oath that the one representation was true and the other not made, and even that the income tax return is a correct copy of the return and correctly states his gross income. These requirements are not met by the moving papers. We have an affirmation by his attorney stating that annexed thereto is defendant's 1975 income tax return. Apart from the question raised by the plaintiff as to whether the tax return is accurate, there is nothing in the papers to indicate what basis or personal knowledge the attorney has which enables him to tell us that the copy is even a true copy; and the copy of the return annexed (really only the first page of the return) is unsigned. Defendant has chosen not to make a motion for summary judgment, and the court did not notify the parties that it would treat the motion as one for summary judgment (CPLR 3211, subd [c]; cf. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7 B, CPLR C3211:10, pp 15-17). Thus whatever may be the weaknesses of plaintiff's bare generalized statements about the fraud, plaintiff was not on notice of the requirement applicable to one who opposes a motion for summary judgment that she bare and reveal her proofs. *(Di Sabato v Soffes,* 9 AD2d 297, 301; cf. *Ronson v Ronson,* 58 AD2d 987.)* We deem it inadvisable at this time to pass on the other questions involved, specifically the branch of the motion under CPLR 3211 (subd [a], pars 5, 7). We see a number of questions that have not been addressed by the parties and which should not be resolved by us on this record and these briefs. There is for example the question of whether this action constitutes a collateral attack upon the divorce judgment, and the rules of law applicable to such a situation. CPLR 3211 (subd [a], par 5) covers motions to dismiss on any of at least nine separate grounds. It is "The Grab Bag of Dismissal Objections" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:21, p 27). A notice of motion to dismiss pursuant to "CPLR, § 3211 (a) * * * (5)" is not a compliance with the requirement of CPLR 2214 (subd [a]) that the notice of motion shall state "the grounds therefor." Finally, we note that some of the confusion in this case is due to the attorneys' persistent disregard of the rule on motions for judgment that an "affidavit by an attorney without personal knowledge of the facts has no probative value and should be disregarded". *(Di Sabato v Soffes, supra,* p 301.)* Instead, the time of courts

and litigants is wasted by long argumentative affidavits and affirmations by the attorneys, largely as to matter of which they do not have personal knowledge, and in the course of which they omit to include competent direct statements of the basic facts by persons with personal knowledge thereof. Concur—Birns, J. P., Fein, Bloom, Silverman and Ross, JJ.