OPINION OF THE COURT
Meyer, J.
Defendant’s defense that improper substituted service deprived the court of jurisdiction over his person was not waived by the form of the affirmative defense. Nor was defendant’s right to move to dismiss the complaint for lack of jurisdiction waived by a stipulation which extended defendant’s time to answer but made no reference to his right to move with respect to the complaint. However, defendant’s motion to dismiss pursuant to CPLR 3211 (subd [a], par 8), made after answer, should have been treated as a motion for summary judgment, and pursuant to CPLR 3211 (subd [c]) plaintiff should have been given *279 notice that it would be so treated. Because on the record properly before us it cannot be said that there is no dispute as to the facts or that plaintiff was not prejudiced by the failure to notify him that the motion would be considered as one for summary judgment, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court, New York County, for reconsideration after such notice.
The action is one for malpractice against a physician and in product liability against the manufacturer of the drug prescribed by the physician. Only the physician is involved in this appeal. Service upon him was purportedly made pursuant to CPLR 308 (subd 4) after due diligence in attempting to serve him personally, by affixing the summons and complaint to the door of his office and mailing a copy of each to him at “his last known residence.” The flaws in service raised by defendant’s motion arise from the fact that the mailed copy was sent to the same address to which the “nailed” copy was affixed which, it is alleged, is not and never has been the physician’s residence, and from the contention that due diligence was not demonstrated. These deficiencies were brought to the court’s attention not by motion prior to answer addressed to the complaint, as CPLR 3211 (subd [a], par 8) authorizes, but by affirmative defense asserted in the answer, after a stipulation extending defendant’s time “to appear and answer.” The defense asserted was that “The court does not have jurisdiction of the person of defendant because defendant was not personally served with a copy of the summons and complaint.” Though the answer was served on May 3, 1978, it was not until February, 1980 that, by motion returnable March 14, 1980 and stating that it was made pursuant to CPLR 3211 (subd [a]), defendant moved to dismiss. By that time plaintiff had noticed defendant for examination before trial, the examination had several times been adjourned and plaintiff’s time to begin an action by proper service had expired. Plaintiff argues, therefore, that defendant is in any event estopped from pressing his defense of absence of jurisdiction.
Plaintiff’s waiver arguments do not withstand analysis. The stipulation extending defendant’s time to answer *280 necessarily accorded him the right to interpose the defense of lack of personal jurisdiction in his answer (CPLR 3211, subd [e]). Because the absence from the stipulation of any reference to moving against the complaint does not waive defendant’s right to raise the jurisdictional defense by motion before answer (Santos v Chappell, 63 Mise 2d 730; Siegel, New York Practice, § 272, p 330), it clearly does not waive the right to move after joinder of issue accorded by CPLR 3212. In any event, the fact that the motion as made recited CPLR 3211 rather than 3212 as its basis would constitute a mere irregularity which under CPLR 2001 should be disregarded, the more so in view of the conclusion hereafter reached with respect to the notice requirement of CPLR 3211 (subd [c]).
Nor did the form of the affirmative defense constitute a forfeiture of the right to assert it. Plaintiff’s contention that it did is predicated on Walden v Thagard (67 AD2d 973). Walden held a defense of lack of jurisdiction “‘by reason of failure to serve summons on [defendant] in accordance with the provisions of statute ’ ” to be a waiver because it did not fairly apprise plaintiff of the actual objection, which was that the order of attachment was served after rather than before the summons and complaint was served outside the State (cf. CPLR 314, subd 3). It reached that conclusion in reliance upon the requirement of CPLR 3018 that “matters which if not pleaded would be likely to take the adverse party by surprise” be pleaded as affirmative defenses. CPLR 3018 goes to the subject matter of the defense (lack of personal jurisdiction) rather than to the particularity with which the defense is pleaded. The form as distinct from the subject of a responsive pleading is governed by CPLR 3013.
The latter provision, so far as pertinent, requires only sufficient particularity “to give the court and the parties notice of * * * the material elements of each * * * defense.” Although the defense would more clearly have alerted plaintiff to the defect relied upon had it added the words “and substituted service was not properly effected,” the absence of those words should not, for several reasons, be held to forfeit the defense. First, because service may be made either personally or by substituted service, a defense *281 that the court lacks personal jurisdiction because defendant was not personally served necessarily implies that proper substituted service was not made, the more so in light of the fact that the only affidavit of service filed by plaintiff was of substituted service. Second, plaintiff was not without the means of ascertaining what the claimed defect in service was: by a motion under CPLR 3024 (subd [a]) for a more definite statement of the defense; by demand for defendant’s present address pursuant to CPLR 3118 followed by a motion to strike the defense if defendant failed to respond within the allotted 10 days (CPLR 3124, 3126); by service of appropriate interrogatories (CPLR 3131); by deposition (CPLR 3106); or by motion to dismiss the defense for lack of merit or for insufficiency (CPLR 3211, subd [b]). Third, CPLR 3013 was intended, together with CPLR 3026, to move pleadings away from the rigid formalism of prior case law and give the pleader, inartistic though his product may have been, the benefit of whatever can fairly be gathered from the pleading (Foley v D’Agostino, 21 AD2d 60, 65; see Alvord & Swift v Muller Constr. Co., 46 NY2d 276, 284 [Cooke, J., concurring]; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3013.03). Plaintiff would be indeed hard put to show that he had been prejudiced under the circumstances of this case by the wording of the affirmative defense, especially since there remained almost two years after service of the answer, before the expiration of the Statute of Limitations, during which service could have been made upon defendant in person.
It was, however, error to consider the motion, made under CPLR 3211 long after joinder of issue, without giving “adequate notice to the parties” as required by subdivision (c) of that section, that the motion would be treated as one for summary judgment. True, there is no specific language in CPLR 3211 (subd [e]) that proscribes a motion such as the present one after answer provided only that no prior 3211 motion has been made, and both CPLR 3211 and 3212 contain provisions authorizing denial, continuance or disclosure if it appears that facts are unavailable to the opposing party (CPLR 3211, subd [d]; 3212, subd [f]) and authorizing immediate trial of issues of fact raised on the motion (CPLR 3211, subd [c]; 3212, subd [c]). *282 But we think it implicit in CPLR 3212 (subd [c]), with its specific reference to a motion based on CPLR 3211 (subd [a]) grounds, CPLR 3212 (subd [a]) with its reference to a motion “after issue has been joined” and CPLR 3211 (subd [e]), the first sentence of which speaks to a motion “before service of the responsive pleading” and mandates that “no more than one such motion shall be permitted,” and the fourth sentence of which preserves a paragraph 8 ground for dismissal not made by objection under subdivision (a) only if the objection is raised in the responsive pleading, that a motion made under the latter circumstances is to be considered as one for summary judgment under CPLR 3212 rather than as one for dismissal under CPLR 3211 (Connell v Hayden, 83 AD2d 30, 32). The difference is subtle but important. As we emphasized in Rovello v Orofino Realty Co. (40 NY2d 633, 635), “CPLR 3211 allows plaintiff to submit affidavits, but it does not oblige him to do so on penalty of dismissal, as is the case under CPLR 3212”, and as the Judicial Conference pointed out in recommending the 1973 amendment requiring notice that the motion will be considered as one for summary judgment, “the interests of justice” are served when “an appropriate record and submission of the facts * * * [is] made by the parties” (Nineteenth Ann Report of NY Judicial Conference, 1974, p A62). Requiring that a motion addressed to lack of personal jurisdiction made after answer pleading that lack as an affirmative defense be made by motion specifying that it is made under CPLR 3212 or, if made under 3211, that the parties be given notice that the court will consider it as a 3212 motion reduces the possibility of gamesmanship, while at the same time permitting the court to deal with the issue in the most efficient manner by directing immediate trial of any factual issues underlying the jurisdictional question. Thus, we answer in the affirmative the question left open in Wahrhaftig v Space Design Group (29 AD2d 699, 700) concerning whether defendant may move after answer for summary judgment on his jurisdictional defense (accord Connell v Hayden, 83 AD2d 30, 32, supra) and decline to adopt the reasoning of Salerno u Kearney (87 Misc 2d 995).
*283 It is necessary to add only that this is not a case such as O’Hara v Del Bello (47 NY2d 363) in which we held CPLR 3211 (subd [c]) notice unnecessary because the sole issue was one of statutory construction and no prejudice from the omission of notice had been shown. The salutary purpose of the 1973 amendment would be nullified were the notice requirement lightly to be ignored (see Rubin v Rubin, 72 AD2d 536; Shah v New York Foundling Hosp., 69 AD2d 899). It may well be that on reconsideration as a motion for summary judgment defendant will again succeed, for the question appears to turn on whether defendant used his office as a residence, but we cannot say that plaintiff was not prejudiced by the failure to receive notice or that the issue is one of law alone.
In view of the conclusion reached, we need not consider the questions concerning what defendant’s “last known residence” was, whether the process server acted with due diligence before attempting substituted service (on which the courts below made no findings), or plaintiff’s estoppel argument.
For the foregoing reasons, the order of the Appellate Division should be reversed and the case remitted to Supreme Court, New York County, for further proceedings in accordance with this opinion.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order reversed, etc.