■ METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants, v REGENCY-LEXINGTON PARTNERS et al., Respondents. — Judgment, Supreme Court, New York County (Tyler, J.), entered March 25, 1982 which granted a motion to dismiss the first cause of action of an amended complaint seeking specific performance of an agreement to convey an easement and other alternative relief, reversed, on the law, the motion to dismiss the first cause of action is denied, and that cause of action is reinstated, without costs. In dismissing the first cause of action, Special Term relied on an affidavit of counsel for the defendants-respondents to bring before the court two significant letters with respect to the question of the Statute of Frauds. No opportunity was given to counsel for plaintiffs-appellants to reply. The effect of this was impermissibly to convert a motion under CPLR 3211 (subd [a], pars 5, 7) into a motion for summary judgment under CPLR 3212. (See *Rovello v Orofino Realty Co.,* 40 NY2d 633; *Rich v Lefkovits,* 56 NY2d 276.) Concur — Kupferman, J. P., Silverman and Asch, JJ.

Sandler and Sullivan, JJ., concur in a memorandum by Sandler, J., as follows: In addition to that which was set forth in the court's memorandum, we think it appropriate to add the following specific observations. Giving the allegations of the dismissed cause of action the benefit of every reasonable inference, as we are required to do on a motion to dismiss, it adequately sets forth a legally sufficient cause of action for the relief requested and one that cannot be deemed barred on the face of the pleading by the Statute of Frauds (General Obligations Law, § 5-703, subd 1). Moreover, the additional papers considered by Special Term, incorrectly considered for the reason set forth in the court's memorandum, do not, in our view, have the dispositive significance apparently attributed to them in Special Term's opinion.