■ In the Matter of SAMUEL R. BAROL, Appellant-Respondent, v BARBARA BAROL, Respondent-Appellant. (Proceeding No. 1.) In the Matter of SAMUEL R. BAROL, Appellant, v BARBARA BAROL, Respondent. (Proceeding No. 2.) — Cross appeals, in proceeding No. 1, from an order of the Family Court of Tompkins County (Barrett, J.), entered December 21, 1981, which denied petitioner's application for termination of alimony and support payments and denied respondent's cross motion for an increase in support payments. Appeal, in proceeding No. 2, from an order of the Family Court of Tompkins County (Barrett, J.), entered September 2, 1982, which, *inter alia,* granted respondent's motion for enforcement of support orders. A recitation of the facts preceding the commencement of the instant applications is necessary to a proper understanding of these appeals. Petitioner Samuel Barol and respondent Barbara Barol were married on December 28, 1952. The parties had three daughters, all of whom were emancipated before the commencement of these proceedings. In June, 1967, the parties separated. Respondent suffered a severe nervous breakdown in 1965, has been in mental institutions at different times since then, and "has been and may still be emotionally unstable." On October 18, 1968, respondent was personally served with a summons in an action for divorce. Respondent defaulted in answering the complaint, and although notified on April 21, 1969 of the hearing on the divorce at Special Term on April 24, 1969, made no appearance. Petitioner was granted a default judgment of divorce on April 25, 1969. The divorce decree referred "all matters relating to custody and support" to Family Court. Respondent apparently refused to accept the moneys sent to her by petitioner and petitioner voluntarily petitioned Family Court for an order of support of $675 per month to be made through the Tompkins County Probation Department. On May 15, 1969, the order was granted. On April 10, 1970, the order was amended to provide that petitioner make direct payments to respondent. Petitioner then applied for a modification of the April 10, 1970 order on the grounds that Barbara Barol refused to accept the monthly payments, and for an order modifying, *nunc pro tunc,* the order of May 15, 1969 to apportion the monthly payments between respondent and the three children. On August 5, 1970, Family Court issued an order apportioning the monthly payments, with respondent receiving $225 per month and each child receiving $150 per month. The order further provided that petitioner "shall pay all utility charges, water charges, taxes, mortgage payments, fire insurance premiums, repairs, and miscellaneous expenses relating to the shelter for said children in an amount not to exceed the sum of $40.00 per month, for premises located at 111 Oxford Place, Ithaca, New York, so long as said BARBARA BAROL and said children shall reside at said premises." In addition, the order provided that petitioner would receive a credit of $200 per month against the total payment of $675 per month. On November 14, 1974, respondent petitioned Family Court for modification to increase cash payments to $675 per month in addition to payments for shelter costs. The parties stipulated on May 16, 1975 that petitioner would pay respondent $525 per month, with no mention of shelter costs. On June 9, 1975, Family Court issued an order confirming the parties' stipulation which set total cash support at $525 per month. As the older daughters became emanci-

pated, petitioner reduced his cash payments. On September 29, 1977, Family Court ordered payments of $225 per month to Barbara Barol, $150 per month to the one remaining unemancipated child, and in all other respects ratified and confirmed the prior orders of August 5, 1970 and June 9, 1975 with respect to additional payments. Thereafter, Samuel Barol made cash payments of $375 per month in addition to paying all shelter costs. Petitioner applied to Tompkins County Family Court on March 30, 1981 for an order terminating the prior support orders on the grounds that all of the parties' children were over 21 years of age and emancipated. Respondent filed a cross motion requesting an increase in monthly payments. Family Court, in a decision dated November 30, 1981, denied petitioner's application to vacate the prior support orders and denied respondent's cross motion for an increase in alimony above $225 per month cash and $100 per month toward shelter costs. The decision further noted that petitioner should have known that, at the time of the default divorce, respondent, who was not represented by counsel, was emotionally unstable and perhaps unable to adequately protect her interests. Respondent's counsel was granted leave to submit an application for counsel fees. Petitioner was thereafter ordered to pay respondent's attorneys $2,410 as counsel fees. Both parties applied to resettle Family Court's order, dated December 17, 1981. On February 17, 1982, Family Court rendered a second decision and order. This order left intact the provision for the payment of $225 per month in alimony, stayed enforcement of the provision for counsel fees, and awarded respondent judgment for arrears in alimony. The court found that the order of September 29, 1977 eliminated the $200 credit against support and alimony payments embodied in the order of August 5, 1970. The order resettled the provision in the order of December 17, 1981 regarding shelter costs by inserting instead an order that petitioner make direct payments of shelter costs as provided in the order of August 5, 1970. The parties have cross-appealed from this decision and order. By order to show cause dated May 5, 1982, respondent commenced proceeding No. 2 for enforcement of the order of February 17, 1982, asking, *inter alia,* that petitioner be found in contempt of court, that petitioner post an undertaking of $30,000, and that an order of sequestration be issued for 111 Oxford Place. A hearing on the enforcement proceeding was held on July 13, 1982. Petitioner, through his attorney, requested that 50% of the joint obligations relative to the maintenance of the former marital residence and 100% of the utility costs paid be credited against the ordered payment of $225 per month in alimony. By decision and order of September 2, 1982, Family Court denied petitioner's claim for a setoff of shelter payments against alimony payments. The court did not find petitioner in contempt, but did require him to post a bond of $5,400. The court further denied respondent's request for sequestration without prejudice to reapply and denied respondent's request for an order enjoining a partition action[*] as being outside its jurisdiction. Petitioner appeals from this order. The orders appealed from should be affirmed. Petitioner's primary argument in both appeals is that Family Court erred in determining that it had jurisdiction over the alimony award on referral from Supreme Court. This argument is premised upon petitioner's contention that Family Court lacked jurisdiction to award alimony, as only matters of custody and support of the children were referred to Family Court. A reading of the divorce decree, however, does not support petitioner's contention. The divorce decree did not contain limiting words, but rather referred matters relating to custody and support to Family Court. Accordingly, Family Court had jurisdiction to entertain questions of support concerning respondent wife (Family Ct Act, § 464, subd [a]). Petitioner next contends that since the 1969 divorce was granted against respondent, she is

---

[*] (See *Barol v Barol,* 95 AD2d 942.)

precluded from receiving support by section 236 of the Domestic Relations Law (see, e.g., *Werner v Werner,* 55 AD2d 735). This contention must be rejected. First, no appeal was taken from any of the prior orders which allocated support to respondent (see *Matter of Avitzur v Avitzur,* 73 AD2d 1010, 1011). Moreover, petitioner voluntarily applied for orders of support and throughout the years acquiesced in the jurisdiction of Family Court. Indeed, petitioner relied on Family Court's orders in availing himself of tax deductions for alimony payments. Accordingly, even if respondent could have been denied alimony pursuant to section 236 of the Domestic Relations Law, petitioner clearly waived protection under the statute (see, e.g., *Voss v Voss,* 54 AD2d 1032, 1033). In his second appeal, petitioner asserts that Family Court incorrectly determined that he was required by the order of August 5, 1970 to pay shelter costs in addition to alimony. This prior order of Family Court required petitioner to pay shelter costs "so long as Barbara Barol and said children shall reside at said premises". Although the children of the parties no longer reside at 111 Oxford Place, Barbara Barol does and we are unable to assign error to Family Court's conclusion that petitioner is liable for shelter costs excluding the miscellaneous expenses of $40 per month originally allocated for the children (cf. *Sipzner v Sipzner,* 70 AD2d 951). Upon her cross appeal, respondent contends that Family Court erred in denying her application for an increase in support. A review of the record, however, reveals that respondent has not made a showing sufficient to warrant an increase (see *Matter of Hofacker v Hofacker,* 56 AD2d 628; *Tagarelli v Tagarelli,* 50 AD2d 917, 918). Orders affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.