■ SAMUEL R. BAROL, Appellant, v BARBARA E. BAROL, Respondent, et al., Defendant. — Appeals (1) from an order of the Supreme Court at Special Term (Bryant, J.), entered September 15, 1982 in Tompkins County, which denied plaintiff's motion for partial summary judgment and granted defendant Barbara Barol's cross motion to dismiss the complaint and (2) from an order of said court, entered September 22, 1982 in Tompkins County, which denied plaintiff's motion for renewal and reargument. This is an action for partition of real property formerly owned by plaintiff and defendant Barbara Barol (defendant) as tenants by the entirety. Following a 1969 divorce, they became tenants in common. Plaintiff moved pursuant to CPLR 3212 to strike the affirmative defenses of invalidity of the divorce and waiver in not appealing prior Family Court orders for shelter costs for defendant. The motion also sought partial summary judgment determining plaintiff's rights as a tenant in common; for a lien for sums expended to maintain the property; and, for an order of reference. Defendant cross-moved pursuant to CPLR 3211 (subd [a], par 4) to dismiss the complaint on the ground of pending Family Court proceedings for shelter and support (see *Matter of Barol v Barol*, 95 AD2d 923). Simultaneously, defendant petitioned Family Court for an order of sequestration (Family Ct Act, § 454, subd 1, par [d]), which motion was denied. Special Term, after first adjourning the motions after noting the appointment of a guardian ad litem for defendant by the Family Court Judge who found her incapable of protecting her rights, denied plaintiff's motion and granted defendant's cross motion to dismiss without prejudice. Plaintiff's motion for renewal and reargument of his partial summary judgment motion was subsequently denied. Plaintiff has appealed from both orders. Initially, plaintiff avers that defendant's CPLR 3211 (subd [a], pars 4, 5) motion to dismiss, not made before service of her answer, was untimely pursuant to CPLR 3212 (subd [e]). While a motion not made "before service of the responsive pleading" (CPLR 3211, subd [e]) would ordinarily be untimely (see *Wahrhaftig v Space Design Group*, 29 AD2d 699, 700), we nonetheless reject plaintiff's argument. Since defendant's cross motion was in response to plaintiff's CPLR 3212 motion for summary judgment, the case is distinguishable. In this procedural context, the court was fully authorized to entertain defendant's cross motion for dismissal (CPLR 3212, subd [c]), which the court could have appropriately treated as one for summary judgment (see *Rich v Lefkovits*, 56 NY2d 276). Having so determined, however, we cannot agree that a prior partition action was pending. It is apparent that Special Term dismissed plaintiff's action due to the pending Family Court sequestra-

tion matter. The error in this determination is twofold. First, the record confirms that defendant's petition for sequestration was commenced *after* plaintiff's partition action. Next, the relief sought here is not the same as plaintiff's earlier proceeding in Family Court for termination of shelter payments. Under these circumstances, dismissal pursuant to CPLR 3211 (subd [a], par 4) was unwarranted (see *Kent Dev. Co. v Liccione,* 37 NY2d 899, 901). Nor should collateral estoppel apply since plaintiff had yet to fully litigate the issue of partition. We next consider whether the court erred in denying plaintiff's motion for partial summary judgment. Plaintiff's essential contention is that the divorce judgment had converted his interest in the property to a tenancy in common and that, as such, he was entitled to partition. Partition is not an absolute right of a tenant in common but one which necessarily depends upon the equities involved (*Ripp v Ripp,* 38 AD2d 65, 68, affd 32 NY2d 755). Defendant has raised the question of the invalidity of the divorce as an affirmative defense. While there may have been some question of defendant's mental competency at the time the divorce decree was granted, defendant never appealed from or moved to vacate the judgment and had previously admitted under oath that she was divorced. Under these circumstances, defendant should be estopped under the doctrine of laches from controverting the divorce (see *Krieger v Krieger,* 25 NY2d 364). It follows that each of the parties as tenants in common has the right to seek the partition action against the other (see *Bank of New York v Stauble,* 84 AD2d 530, 531). Significantly, the divorce decree did not provide defendant with exclusive possession of the marital premises (cf. *Ripp v Ripp, supra*), and while subsequent orders of the Family Court provided that defendant be sheltered in the subject premises, such orders did not create a judicial right of occupancy or compromise the effect of the divorce judgment. Thus, we cannot agree that plaintiff's acquiescence in providing support and shelter constituted a waiver of his right to seek a partition (see *Schechter v Schechter,* 73 AD2d 614). Nor is there any written agreement to that effect. Moreover, in view of the fact that defendant has not raised any triable issue of fact concerning title and plaintiff's right as a tenant in common to partition in her opposing papers, we find that Special Term erred in refusing to grant plaintiff partial summary judgment. Further, an order of reference pursuant to RPAPL 911 is appropriate to determine the rights, shares and interests of the respective parties in the property (14 Carmody-Wait 2d, NY Prac, § 91:128, pp 420-422). Accordingly, the matter should be remitted to Special Term for further proceedings not inconsistent herewith. Having so concluded, we need not consider whether Special Term erred in its order of September 22, 1982. Order entered September 15, 1982 modified, on the law and the facts, by reversing so much thereof as granted defendant's cross motion to dismiss plaintiff's cause of action; plaintiff is granted partial summary judgment to the extent his right as a tenant in common to seek partition is established and the matter is remitted to Special Term, Tompkins County, for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Appeal from order entered September 22, 1982 dismissed, as academic, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.