(March 16, 1987)

■ ADVANCE FOOD SERVICE EQUIPMENT, INC., Respondent, v COUNTY OF NASSAU, Appellant.—In an action to recover for property damages, the defendant appeals from an order of the Supreme Court, Nassau County (Ain, J.), dated June 18, 1986, which denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action

Ordered that the order is affirmed, with costs.

On or about February 9, 1981, the defendant County of Nassau received a request from the Westbury Fire Department to render aid in the cleanup of debris which had accumulated during a fire at certain premises which were located adjacent to the plaintiff's premises. It is alleged by the plaintiff that, during the course of this cleanup, one of the defendant's employees caused property damages to its premises while negligently operating certain equipment. The defendant contends that it is immune from liability, pursuant to General Municipal Law § 209-g (4) and seeks dismissal of the complaint pursuant to CPLR 3211 (a) (7).

General Municipal Law § 209-g (4) provides: "Neither the state nor the civil or political subdivision of the state whose police or fire forces or employees are engaged in rendering such outside aid and assistance pursuant to any request for aid and assistance or pursuant to direction of the governor or other official or agency authorized by, or pursuant to law so to direct shall be liable or accountable in any way or on account of any act or omission on the part of any officer or member of such forces or of any such employee while so engaged or for or on account of the operation, maintenance or use of any apparatus, equipment, materials or supplies in connection

therewith, nor shall any sheriff be held liable or accountable in any way for or on account of any act or omission on the part of any of his deputies within or without the county of their appointment where such deputies are under the command of an officer other than himself".

An examination of the statute and its legislative history leads us to the conclusion that General Municipal Law § 209-g (4) does not serve to immunize the county from tort liability when it renders aid to a fire district during a routine fire *(see, Tillson v Kuhner,* 283 App Div 604).

In 1942, the New York Legislature passed a statute virtually identical to General Municipal Law § 209-g (4) as part of the "New York State War Emergency Act" (L 1942, ch 544, § 53). General Municipal Law § 209-g (4), originally enacted in 1946 (L 1946, ch 834, § 1), was amended in 1956 (L 1956, ch 699, § 5) to add the word "such" before the phrase "outside aid". The addition of this word indicates that the Legislature intended to limit the immunity created by this statute to the type of "outside aid" referred to in the General Municipal Law.

General Municipal Law § 209-g, entitled "Liability for outside aid", defines "outside aid" in terms of General Municipal Law § 209-e (1), which section directs the State fire administration to prepare a "state fire mobilization and mutual aid plan which may provide for the establishment of fire mobilization and mutual aid zones of the state". Pursuant to this statutory authority, 9 NYCRR part 205 sets out the State mutual aid plan.

9 NYCRR 205.1 defines mutual aid as follows: "Organized, supervised, coordinated, cooperative, reciprocal assistance in which personnel, equipment and physical facilities of fire departments, regardless of type or size, are utilized for fire or other public emergency in which the services of firemen would be used throughout the State of New York and contiguous areas".

The purposes of the plan are set out in 9 NYCRR 205.2 as follows:

"205.2 Purposes. The New York State fire mobilization and mutual aid plan is hereby established to provide for the mobilization of manpower and equipment of fire departments:

"(a) whenever the Governor shall determine that the public interest so requires;

"(b) whenever a municipality shall determine that assistance is required;

"(c) whenever a county fire coordinator shall determine that assistance in addition to that established under his county fire mutual aid plan is required".

9 NYCRR 205.3 and 205.6 give the Governor the *sole* authority to issue an order of activation of the mutual aid plan. The Governor may issue such an order at his own discretion or in response to a request by the county fire coordinator *or a municipality.*

It is clear from this statutory scheme that the Legislature enacted General Municipal Law § 209-g (4) as part of the State-wide mutual aid plan and intended to grant immunity to the State and its political subdivisions when it rendered aid pursuant to such a plan and not in a situation such as the one at bar.

Finally, the defendant's contention on this appeal that summary judgment should have been granted is not properly before this court as its motion did not seek such relief and the plaintiff was not given an opportunity to present evidence in opposition to such relief *(see,* CPLR 3211 [c]; *see, Rich v Lefkovits,* 56 NY2d 276). Mollen, P. J., Weinstein, Eiber and Sullivan, JJ., concur.