OPINION OF THE COURT
Lisa Siano, J.
After the commencement of this proceeding by service of the notice of petition and petition, respondent served a written motion to dismiss on various grounds set forth in CPLR 3211, *529 which was denied by the Honorable Francis Ricigliano on August 16, 1999.
Prior to beginning the trial on this nonpayment petition, the court entertained oral motions by both parties. Respondent moved to dismiss the petition on the ground that one of the petitioners, Alicia Metz, notarized the signature of the process server herein. The notarization of the affidavit of service, which respondent claimed caused the affidavit of service to be defective, raised an issue of personal jurisdiction over the respondent. Respondent’s failure to raise this defense in the first responsive pleading to the petition was a waiver of this defense. (CPLR 3018 [b]; De Lisa v Amica Mut. Ins. Co., 59 AD2d 380 [3d Dept 1977]; Walden v Thagard, 67 AD2d 973 [2d Dept 1979]; Rich v Lefkovits, 56 NY2d 276 [1982].) This motion was denied.
Respondent also moved to be permitted to interpose and serve a written answer at the beginning of the trial. Petitioners opposed on the ground that such service was too late. RPAPL 743 provides that an answer may be given at the time when the petition is to be heard. Accordingly, respondent was permitted to interpose and serve the answer. This motion was granted.
Petitioners’ motion to amend the petition to include all rent due, including the month of September 1999, was granted without opposition.
The services of an interpreter were employed for the benefit of respondent, who spoke only Spanish. Alicia Metz, one of the petitioners herein, testified as the only witness on behalf of petitioners. Respondent testified as the only witness on her behalf.
Ms. Metz testified that she had many discussions about the rent with respondent, and made a demand for the rent in late March, April or early May. Ms. Metz could not recall when she made the alleged rent demand. There was no testimony of the exact amount of the rent demanded. Ms. Metz further testified . that a secretary was present at a meeting Ms. Metz had with respondent, and the secretary made the rent demand in Spanish. Ms. Metz does not speak Spanish. The secretary did not testify.
Respondent testified that she never spoke to Ms. Metz about the rent. She admitted she had discussions about the rent with the secretary and “Jimmy,” Ms. Metz’ brother, who is also a petitioner herein. No testimony was elicited from respondent *530 to indicate that an actual rent demand was made, the months for which rent was demanded or the amount of said demand.
At the conclusion of petitioners’ case, respondent moved to dismiss the petition on the ground that discussions of rent, and failure to specify the months covered by the demand or the amount due are insufficient rent demands.
The petition herein must fail. Petitioner did not provide proof of compliance with RPAPL 711, which requires a clear and unequivocal demand for rent in a specified amount. (Matter of Pepe v Miller & Miller Consulting Actuaries, 221 AD2d 545 [2d Dept 1995].)
Here, petitioner furnished a rent demand which did not specify what months for which rent was due or a specific amount. Petitioners knew respondent did not understand English. The rent demand given could not provide respondent with the requisite notice pursuant to RPAPL 711. Petitioner did not introduce any competent proof that a clear and unequivocal rent demand was made to respondent in Spanish.
Where the tenant speaks only a language other than the language in which the rent demand is made, the requisite notice to comply with RPAPL 711 has not been furnished. To hold otherwise would deprive tenants of actual notice that a rent demand has been made, and would thwart the clear purpose of the notice provisions of the statute. A landlord may not bring a summary proceeding which may result in the eviction of a tenant from their home without strict compliance with the notice provisions of the statute.
Accordingly, the petition herein is dismissed.