Joseph Life, J.
This application to confirm the award made by an arbitrator pursuant to the terms of a collective bargaining agreement is denied.
The agreement itself was not submitted. However, a portion thereof (Schedule C) set forth in the arbitrator’s award provided that, in the event of an employee’s leaving “the employ of the District for reasons other than retirement, involuntary separation or request for resignation by the Board of Education,” the employee would be granted “an increase in current salary equivalent to current pay for accumulated unused personal sick leave ” which in the case of 15 years of service would be equal to 20% of accumulated personal sick leave and that the same benefit would be payable to the employee’s beneficiary should the death of the employee occur while in the district’s employ.
The arbitrator found that the agreement to pay for unused sick leave is a “ power reasonably necessary to effectuate the express powers conferred by Education Law Section 1709.16 ” and ordered the board 1 ‘ to pay to the Estate of Renee Schelton * * * a sum of money * * * for * * * sick leave which she had accumulated at the time of her death. ’ ’
*493 The respondent’s position, based on an opinion from counsel for the New York State Education Department, is that payment of unused sick leave would be an ultra vires act by the Board of Education and therefore illegal.
The question presented is, may the arbitrator’s award be confirmed in spite of the position taken by the school district that it had no authority to contract to pay for unused sick leave?
The arbitrator relied on section 1709 of the Education Law in reaching his determination that the school district had authority to contract with and employ teachers and to adopt rules and regulations governing absences with or without pay. Indeed there is much to support his conclusion. Subdivision 16 of section 1709 of the Education Law provides in part that a school district may “contract with and employ such persons as by the provisions of this chapter are qualified teachers * * * and at the time of such employment, to make and deliver to each teacher a written contract * * * and to adopt rules and regulations governing the excusing of absences of all teachers and other employees and for the granting of leaves of absence to such employees either with or without pay.”
As we see it, this language does not permit a school district to make payment for accumulated unused sick leave because it expressly authorizes leaves of absence with or without pay. Moreover, the power to contract has its limitations, as for example, section 92 of the General Municipal Law which provides in part that: “ 1. The governing board of each * * * school district * * * may grant vacations, sick leaves and leaves of absence to its officers or employees with or without pay * * * Notwithstanding any other provision of law, any such governing board * * * may * * * provide for cash payment of the monetary value of accumulated and unused vacation time * * * at the time of their separation from the service, or in case of death in service, to be paid to their beneficiaries.” Unlike vacations, no provision is contained in this section for the payment of unused sick leave. In 1966, both houses of the New York Legislature passed a bill which would amend section 92 of the General Municipal Law by permitting municipalities to provide cash payments for unused sick leave, but the Governor vetoed the bill, quoting from the Comptroller’s memorandum to him as follows: “ The occurrence of illness is the condition precedent which activates the employer’s obligation to pay for absences caused by such illness. Where there is no illness, the condition never occurs and the employer’s obligation never comes into being. To *494 pay the employee in cash for unused sick leave, in the event of a failure of occurrence of the expressed condition, could be deemed to violate the provisions of Article VIII, section 1, and to constitute an unconstitutional gift of municipal funds to an individual.” (N. Y. Legis. Annual, 1966, p. 396.)
It is apparent from this message that the amendment authorizing the payment for unused sick leave would be unconstitutional. In fact, the New York State Comptroller, when asked for an opinion concerning a collective bargaining agreement between a city and an employee’s union providing for the payment of unused sick leave to the estate of a deceased employee, said: (1) that article 14 of the Civil Service Law did not enlarge the legal benefits which public employers may confer on their employees (.2) payment for unused sick pay is unconstitutional as being in the nature of a gift and if not payable to the employee certainly such payment to his estate would be prohibited (3) and “A provision granting accrued sick pay to the estate of a deceased city employee is invalid and a city cannot be bound to honor it.” (23 Op. St. Comp., 1967, pp. 649-650.) Similarly, the Comptroller held that a school district may not authorize the payment for the value of unused sick leave and such a provision in a collective bargaining agreement ‘ ‘ would be invalid and not binding on the school district.” (25 Op. St. Comp., 1969, p. 37.)
Labeling the payment “ an increase in current salary” to avoid the consequence of these rulings and of the .statutes is plainly a subterfuge and cannot be permitted. It remains a payment for sick leave which would vary from case to case depending upon the amount of unused sick leave accumulated.
Ordinarily, 1 ‘ The court may not vacate the award because of a mistake of fact (case cited) or a ‘ perverse misconstruction ’ of law (case cited) ” (Agur v. Agur, 32 A D 2d 16, 20; see, also, Matter of Decicco [Viviano], 32 A D 2d 541), and the arbitrator’s determination is conclusive in the absence of fraud, corruption or misconduct (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7510.06; Korein v. Rabin, 29 A D 2d 351, 356). However, confirmation of the arbitrator’s award will be denied ‘‘ pursuant to the court’s general equity powers where an award is contrary to the public policy of the State.” (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7510.07; see Matter of Meyers [Kinney Motors], 32 A D 2d 266, 268.) There is no statutory authority to require páyment for the monetary equivalent of unused sick time; in fact there is authority that such payments would be gifts and unconstitutional. The determination that a contract is illegal in that its performance would *495 violate a statute or public policy is not within the jurisdiction of the arbitrator. (Matter of Standardbred [Yonkers Raceway], 31 Misc 2d 474, 475.) Enforcement of the arbitrator’s award in this matter would be violative of the provision of section 1 of article VM of the New York Constitution which prohibits gifts as against public policy, and therefore cannot be confirmed (cf. Matter of Exercycle Corp. [Maratta], 9 N Y 2d 329, 335; Matter of Mantell [Unipak Aviation Corp.], 28 A D 2d 1134; Matter of Western Union Tel. Co. [ACA], 299 N. Y. 177).
The respondent may have judgment dismissing the petition.