**Jack W. HARRIS, Plaintiff,**

v.

**BOBBY G. KILLIAN CORPORATION, a corporation, et al., Defendants.**

**Civ. No. 75–0381–D.**

United States District Court, W. D. Oklahoma.

Sept. 8, 1975.

Kenneth N. McKinney, Oklahoma City, Okl., for plaintiff.

Calvin W. Hendrickson, Oklahoma City, Okl., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

This personal injury action arises from a motor vehicle collision occurring February 27, 1973 in the State of Iowa. Plaintiff states in his Complaint that he is a resident and citizen of Konawa, Oklahoma.[1] Defendant Bobby J. Killian Corporation (Killian Corp.) is alleged to be an Arkansas corporation with its principal place of business in Arkansas and is alleged to be the owner of the truck which struck Plaintiff's vehicle. Defendant James Studdard, a Missouri citizen, is alleged to have been the driver of said truck and acting as agent, servant, and employee of Defendant Killian Corporation. Plaintiff's jurisdictional statement relating to Defendant Canal Insurance Company (Canal Insurance) is incomplete in that only

its principal place of business which is alleged to be South Carolina is stated. An incomplete statement is also made as to Defendant Southern Farm Bureau Insurance Company wherein it is merely alleged to have its principal place of business in Mississippi. Both of said insurance companies are alleged to have insured the truck in question. Plaintiff alleges that Defendant Killian Corporation is authorized to conduct a truck freight business in and through the State of Oklahoma by virtue of an Oklahoma motor carrier permit. It is alleged that both insurance companies are authorized to do business in the State of Oklahoma.

■ Defendant Southern Farm Bureau Insurance Company has filed a Motion to Dismiss and a Motion for Summary Judgment.[2] Defendant James Studdard has not been served with process but a Motion to Dismiss Complaint has been filed in his behalf. Plaintiff in his Response to this Motion has moved to dismiss said Defendant pursuant to Rule 41(a). Said Dismissal has been approved by this Court per separate Order and Defendant Studdard is dismissed out of this case. All other Motions relating to said Defendant are moot and warrant no further consideration by the Court.

Defendant Killian Corporation has filed a Motion to Dismiss Complaint. Said Motion is based on an alleged lack of in personam jurisdiction against it. A Motion to Dismiss for Improper Venue has also been filed for all Defendants as well as a Motion to Transfer. This latter Motion made pursuant to 28 U.S.C. § 1404(a) seeks transfer to the United States District Court for the Southern District of Iowa. All of the Motions are accompanied by Briefs. Plaintiff has filed a combined Response opposing those Motions except as noted otherwise.

■ It is noted that this Court has subject matter jurisdiction notwithstanding the incomplete jurisdictional statement con-

---

1. Konawa, Oklahoma is located in territory encompassed within the boundaries of the United States District Court for the Eastern District of Oklahoma.

2. Plaintiff has advised the Court by letter that he does not wish to oppose the Motion for Summary Judgment. The Court has granted same per separate Order. The Motion to Dismiss by said Defendant is rendered moot.

tained in the Complaint.[3] The remaining Motions for consideration by the Court are the objection to in personam jurisdiction asserted by Defendant Killian Corporation and the objection to venue asserted by said Defendant and Defendant Canal Insurance. The Court must look to the issue of personal jurisdiction prior to considering the venue issue. *Arrowsmith v. United Press International*, 320 F.2d 219 (Second Cir. 1963).

In support of its objection to personal jurisdiction, Defendant Killian Corporation admits it holds a permit from the Oklahoma Corporation Commission to conduct trucking operations in Oklahoma. It contends said permit classifies it as an Interstate Common Carrier Irregular Route Carrier. It alleges that it is permitted to conduct interstate operations by traveling through the State of Oklahoma or to pick up or deliver interstate shipments in Oklahoma. Defendant Killian Corporation contends that the Plaintiff's cause of action asserted in this action did not arise from said Defendant conducting operations in Oklahoma and thus it does not have the necessary "minimum contacts" with Oklahoma to subject it to the jurisdiction of this Court pursuant to 12 Oklahoma Statutes 1971 § 1701.-02 commonly known as one of the Oklahoma "Long Arm" Statutes. It relies heavily on the case of *Crescent Corporation v. Martin*, 443 P.2d 111 (Okl.1968). Plaintiff responds to said contention by asserting it relies upon the provisions of the Oklahoma Business Corporation Act found in 18 Oklahoma Statutes 1971 § 1.204a relating to rights and remedies against foreign corporations. This statute includes a provision conferring jurisdiction where a cause of action has accrued "while a foreign corporation was doing business within this state."

 In *Garrett v. Levitz Furniture Corporation*, 356 F.Supp. 283 (N.D.Okl.1973) this Court held said statute provided for jurisdiction under the general doing business test which was broader than the minimal contacts theory found in the Oklahoma "Long Arm" Statutes (12 Oklahoma Statutes 1971 § 187 and § 1701.03).

The state of the record does not provide the Court sufficient information to determine if Defendant Killian Corporation was doing business in Oklahoma at the time the cause of action involved herein accrued. The Court determines that an evidentiary hearing should be conducted on said question pursuant to the guidance furnished in the case of *Schramm v. Oakes*, 352 F.2d 143 (Tenth Cir. 1965).

The Court will also be concerned at the time of such hearing whether Defendant Killian Corporation and Defendant Canal Insurance have conducted business in this judicial district so as to determine if venue is properly laid herein pursuant to 28 U.S.C. § 1391.

The Court will also entertain evidence on the requested transfer to The United States District Court for the Southern District of Iowa for the convenience of the parties pursuant to 28 U.S.C. § 1404(a).

---

3. Incomplete jurisdictional statements can be made complete at the time of a pretrial conference.