Grace DUNNIGAN

v.

Thomas SILVERTHORN, et al.

Civ. A. No. 82–0908.

United States District Court,
E. D. Pennsylvania.

May 21, 1982.

Jerome Gerber, Philadelphia, Pa., for plaintiff.

Hugh M. Odza, Wissow & Odza, Philadelphia, Pa., for defendants.

### MEMORANDUM

GILES, District Judge.

Defendants have filed a motion to dismiss plaintiff's complaint for lack of personal jurisdiction and insufficiency of service of process. For the following reasons, defendants' motion is granted and the complaint is dismissed for lack of personal jurisdiction.

This is a diversity action brought by plaintiff, a Pennsylvania resident, against defendants, Maryland residents, for personal injuries sustained by plaintiff in a car accident which occurred in the District of Columbia.

Defendants' motion to dismiss asserts that personal jurisdiction over them is lacking because they have no connections with Pennsylvania. Further, the accident which is the subject matter of the suit occurred in the District of Columbia. Essentially, they argue that they have insufficient contacts with the Commonwealth of Pennsylvania to satisfy the minimum requirements of due process. Plaintiff argues, in response, that since there is subject matter jurisdiction and proper venue in this district, the court need not consider the issue of personal jurisdiction.

Plaintiff's argument is misguided. "Venue" is distinct from jurisdiction. It concerns the locality of the lawsuit and is a concept of convenience and not one of jurisdiction. In other words, venue concerns the

question of which court, of the courts which have proper subject matter and personal jurisdiction, may hear the suit. Thus, a court must consider the issues of subject matter and personal jurisdiction prior to considering the venue issue. *Japan Gas Lighter Ass'n v. Ronson Corp.*, 257 F.Supp. 219, 224 (D.N.J.1966); *see also Harris v. Bobby G. Killian Corp.*, 70 F.R.D. 528, 530 (W.D.Okl.1975).

 This court has proper subject matter jurisdiction by virtue of diversity of citizenship. 28 U.S.C. § 1332. However, personal jurisdiction is lacking. In a diversity action, personal jurisdiction is determined according to the law of the state in which the federal court sits. *Marquest Medical Products, Inc. v. EMDE Corp.*, 496 F.Supp. 1242, 1246 (D.Colo.1980). Under Pennsylvania law, personal jurisdiction extends as far as allowed by the United States Constitution. 42 Pa.Cons.Stat.Ann. § 5322(b) (Purdon 1981); *Delaware Valley Factors, Inc. v. Coma Export, Inc.*, 530 F.Supp. 180 (E.D.Pa.1982). "The Constitution requires that defendants' forum-related activities either: (1) give rise to the claim and pass minimum-contact analysis—specific jurisdiction; or (2) constitute continuous and substantial affiliation with the forum—general jurisdiction." *Id.* at 184.

██ Here, plaintiff has not established that either specific or general personal jurisdiction exists. The sole contact defendants have with the forum state is to have been involved in an out-of-state automobile accident with a Pennsylvania resident who sustained injuries as a result. The fact that a Pennsylvania resident sustains injuries, out-of-state, which result in residual harm within the state is not a sufficient basis to sustain personal jurisdiction. *See, e.g., Shong Ching Lau v. Change*, 415 F.Supp. 627 (E.D.Pa.1976).

Since defendants lack the requisite minimum contacts with this forum, the court cannot exercise personal jurisdiction and plaintiff's complaint against them will be dismissed.[1]

---

1. Inasmuch as I have found personal jurisdiction to be lacking, I do not decide defendants' alternative argument that service of process was insufficient.