*140 OPINION OF THE COURT
Richard Rivera, J.
QUESTION PRESENTED
In this action to recover payment for goods sold and delivered, the corporate defendant moves by order to show cause to vacate the default judgment entered against it on January 11, 1991. In support of the motion, defendant asserts that it did not personally receive the summons in time to defend this action, and that it has meritorious defenses against defendant’s claims. Plaintiff opposes the motion maintaining that it properly served the defendant with process pursuant to CPLR 312-a and that such service conferred jurisdiction over the defendant and empowered the court to grant the January 11, 1991 default judgment pursuant to CPLR 3215.
The question presented on this motion is whether defendant has made the required showing under CPLR 317 justifying vacatur of the January 11, 1991 default judgment.
FACTUAL BACKGROUND
Plaintiff commenced this action by mailing a copy of the summons and complaint to the defendant by certified mail to its current actual business address at 105-13 Metropolitan Avenue in Forest Hills. Pursuant to CPLR 312-a, plaintiff included a "Statement of Service By Mail pursuant to CPLR 312-a” in the form required by CPLR 312-a (d). This form asked defendant to acknowledge service of the enclosed summons and. complaint by signing the form statement (hereafter the acknowledgment). When defendant did not return the acknowledgment of service, plaintiff’s attorney served process upon the defendant by serving the New York State Secretary of State with process as provided by CPLR 311 (1) and Business Corporation Law § 306 (b). Plaintiff mailed process to the Secretary of State by certified mail on December 19, 1990, and the Secretary received it on December 27, 1990. The Secretary thereafter mailed the summons and complaint to defendant’s former address at c/o Schoen and Schoen, P. C., 425 New York Avenue, Huntington, New York 11743. There is no dispute that this is the address defendant had on file with the Secretary of State. Since its original registration with the Secretary of State, however, defendant had changed its business address to 105-03 Metropolitan Avenue but never registered the new address with the Secretary.
*141 In a letter dated January 3, 1991, Schoen and Schoen advised defendant that it had received the summons and complaint from the Secretary of State, forwarded the papers to defendant, and advised defendant to obtain legal counsel in the matter. Before defendant submitted its answer in this action, however, plaintiff obtained the default judgment herein which was entered on January 11, 1991.
Defendant moved by order to show cause to vacate the default judgment pursuant to CPLR 317 alleging that "it did not personally receive notice of the summons in time to defend and that defendant has a meritorious defense”. Regarding service of process, defendant’s motion papers allege that the Secretary of State sent the summons and complaint to its former address and this explains why it did not submit an answer before the entry of judgment. Defendant also maintains that since service on the Secretary of State under CPLR 311 (1) and Business Corporation Law §306 (b) does not constitute personal delivery of process upon a corporation, it should be allowed to appear and vacate the judgment pursuant to CPLR 317.
DISCUSSION
CPLR 317 provides in relevant part that: "A person served with a summons other than by personal delivery to him or to his agent for service designated under rule 318, within or without the state, who does not appear may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment * * * upon a finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense.”
On its face, this statute provides an avenue for vacating default judgments to those defendants who do not receive personal delivery of process. To succeed, defendant must demonstrate that it did not personally receive process and that it has a meritorious defense to the action.
Here, plaintiff commenced the action by service of process pursuant to CPLR 312-a. This statute became effective on January 1, 1990 and created an alternative method of service in addition to the traditional methods of service authorized by CPLR 307, 308, 310, 311, and 312. It permits plaintiff, plaintiff’s attorney, or an employee of the attorney to serve process by "mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint *142 * * * together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender.” (CPLR 312-a [a]; emphasis added.) Defendant or its attorney then has 30 days to complete the acknowledgment and mail or deliver a copy of it to the plaintiff. The form and content of the acknowledgment are set forth at CPLR 312-a (d). "[S]ervice is complete on the date the signed acknowledgment of receipt is mailed or delivered to the sender.” (CPLR 312-a [b].) Where plaintiff serves a complaint together with the summons pursuant to CPLR 312-a, the defendant must serve its answer "within twenty days after the date the signed acknowledgement of receipt is mailed or delivered to the sender.” (CPLR 312-a [b] [2].) The party acknowledging service must prepare a sworn affirmation regarding receipt of service, and this affirmation has the same force and effect as an affidavit. (CPLR 312-a [c].)
Initially, it must be noted that plaintiff did not serve defendant as required by CPLR 312-a. As already seen, this statute mandates service of process by first class mail and not by certified mail as plaintiff effectuated here. This is fatal to this court’s jurisdiction under CPLR 312-a since our courts have consistently held that "[sjervice [of process] is only effective * * * when it is made pursuant to the appropriate method authorized by the CPLR.” (Markoff v South Nassau Community Hosp., 61 NY2d 283, 288 [1984]; Macchia v Russo, 67 NY2d 592, 595 [1986]; Feinstein v Bergner, 48 NY2d 234, 241 [1979]; McDonald v Ames Supply Co., 22 NY2d 111, 115-116 [1968]; Frankel v Schilling, 149 AD2d 657 [2d Dept 1989]; Cooney v East Nassau Med. Group, 136 AD2d 392 [1st Dept 1988].) As these cases make clear, service of process which does not strictly comply with specifically authorized statutory methods will not be upheld even if defendant subsequently receives the improperly served process and thereby learns that an action is pending against it. (Markoff v South Nassau Community Hosp., supra, at 288; Macchia v Russo, supra, at 595 ["Notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court.”])
Here the distinction between service by first class mail as opposed to certified mail is not a minor semantic point that exalts form over substance since defendant denies receiving process in time to defend this action. As the Appellate Division, Second Department, has held, service by certified mail *143 return receipt requested is "ineffectual * * * [and] likely to result in a failure of timely delivery of notice of the proceeding”. (Matter of Butler v Gargiulo, 77 AD2d 939 [1980]; in accord, Hsu v Emerson Collision, 126 Misc 2d 385, 387 [Civ Ct, Kings County, Harkavy, J., 1984].)
Plaintiff counters, however, that defendant received the certified mailing of process because someone signed the certified mail return receipt on November 28, 1990 on behalf of the defendant. While this would not cure defective service under CPLR 312-a for the reasons already stated, this factual dispute is not dispositive of the service issue. The fact is that defendant never returned the signed acknowledgment admitting service pursuant to CPLR 312-a. In these circumstances, CPLR 312-a (e) provides that: "[w]here a duly executed acknowledgement is not returned, upon the subsequent service of process in another manner permitted by law, the summons or notice of petition * * * shall indicate that an attempt previously was made to effect service pursuant to this section.” (Emphasis added.) As Honorable Joseph M. McLaughlin explains in his Practice Commentaries, CPLR 312-a (e) puts plaintiff on notice that it must resort to traditional service methods under CPLR article 3 should defendant fail to return the acknowledgment of service form. (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C312-a:4, at 424; in accord, 1 Weinstein-Korn-Miller, NY Civ Prac |f 312-a.Ol, at 3-294.5.)
Thus, it was incumbent upon plaintiff to serve defendant with process under CPLR article 3 once defendant failed to return the acknowledgment of service under CPLR 312-a. Plaintiff attempted to comply with this requirement by serving defendant through the Secretary of State pursuant to CPLR 311 (1), and, indeed, the Secretary of State acknowledged receipt of process on December 27, 1990. It is well settled, however, that service of process upon a corporation in this fashion does not constitute "personal delivery” as that term is understood for purposes of CPLR 317. (Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138, 142 [1986]; H.K.A. Realty Co. v United Steel & Strip Corp., 88 AD2d 612, 613 [2d Dept 1982]; 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 317.04, at 3-388 — 3-389.) Accordingly, service of process upon the Secretary of State did not constitute personal delivery of process upon the defendant herein.
Even if, arguendo, the service of process upon the Secretary of State constituted personal delivery upon the defendant, it is *144 apparent that defendant here did not receive process in time to oppose plaintiffs application for a default judgment. In this regard, the sequence of events is relevant. There is no dispute that the Secretary of State received process here on December 27, 1990. CPLR 3215 (f) (4) (i) provides, however, that "When a default judgment based upon non-appearance is sought against a domestic or authorized foreign corporation which has been served pursuant to paragraph (b) of section three hundred six of the business corporation law, an affidavit shall be submitted that an additional service of the summons by first class mail has been made upon the defendant corporation at its last known address at least twenty days before the entry of judgment.” (Emphasis added.) According to the terms of this statute, plaintiff was required to send defendant a second copy of the summons at least 20 days prior to the entry of the judgment, i.e., by no later than December 23, 1990. Since the Secretary of State did not receive the second summons to be served on defendant until December 27, 1990, however, defendant could not possibly have received process at least 20 days before the entry of the default judgment here on January 11, 1991 as required by CPLR 3215 (f) (4) (i). Under these circumstances, defendant’s failure to register its new address with the Secretary of State would not defeat the relief requested under CPLR 317. (Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., supra.)
For all these reasons, I find that defendant has met its burden under CPLR 317 of showing that it did not personally receive legal process in this action in time to defend.
While defendant has satisfied the "lack of personal service” prong of CPLR 317, however, it must also demonstrate a meritorious defense in order to succeed on this motion. The current answer offered by defendant alleges only a general denial; however, plaintiff has rejected the answer as untimely. Previously, defendant had asserted in an affidavit that the goods delivered by plaintiff and for which payment is sought in this action were "shoddy” or defective, and that defendant had made some payments to plaintiff.
Given the relatively short life of this action, the lack of personal delivery of process to defendant, the accelerated manner in which judgment was entered herein, and plaintiff’s rejection of defendant’s answer, the court hereby grants defendant 20 days from the service of this order with notice of entry upon defendant to submit a written answer in this action.
*145 DECISION AND ORDER
Accordingly, defendant’s motion is granted to the extent of permitting it to file an answer within the time set forth above. Should defendant fail to serve an answer upon plaintiff within the prescribed time, the default judgment herein will stand. If defendant files an answer, plaintiff will have 14 days from receipt of the answer to make whatever motions it deems appropriate regarding the substance of defendant’s answer. If plaintiff fails to so move, the default judgment will be vacated.