**John BUGGS, Plaintiff–Appellant,**

v.

**Celine EHRNSCHWENDER, Alice Wright and Tiffany Wright, Defendants–Appellees.**

**No. 1365, Docket 91–9218.**

United States Court of Appeals, Second Circuit.

Argued May 14, 1992.

Decided July 6, 1992.

Bruce M. Ginsburg, New York City (Susan Lambaise Gregory, Ginsburg & Associates, of counsel), for plaintiff-appellant.

Joseph P. Stanley, Syracuse, N.Y. (Elizabeth C. McGinty, Merrill Jacobson, Davoli McMahon Kublick & Stanley, P.C., of counsel), for defendant-appellee Celine Ehrnschwender.

Alan R. Peterman, Syracuse, N.Y. (Pinsky & Skandalis, of counsel), for defendants-appellees Alice Wright and Tiffany Wright.

Before: CARDAMONE, WINTER and MAHONEY, Circuit Judges.

WINTER, Circuit Judge:

This appeal arises out of an automobile accident that occurred in Syracuse, New York on February 6, 1988, in which appellant John Buggs was a passenger in a car owned by appellee Alice Wright and driven by appellee Tiffany Wright. Buggs claims he was injured when the Wright automobile collided with an automobile driven by appellee Celine Ehrnschwender. Buggs was a resident of Pennsylvania, and the appellees were residents of New York. Apart from the collision injuring Buggs, the appellees had no pertinent contact with the Commonwealth of Pennsylvania.

On January 23, 1991, Buggs filed this negligence action against the appellees in the district court for the Eastern District of Pennsylvania. Buggs attempted service of process on the appellees by certified mail—apparently pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii)—to addresses in Syracuse, New York. The Wrights received the summons and complaint but did not return the acknowledgment of service to Buggs. Ehrnschwender never received the summons and complaint, having apparently moved from New York.

On May 1, 1991, upon Buggs' motion, the Pennsylvania district court transferred the action to the Northern District of New York pursuant to 28 U.S.C. § 1406(a) (1988). After the transfer, Buggs made no further attempt to serve process on the Wrights. After conducting a postal search to find Ehrnschwender, Buggs attempted service by mail on Ehrnschwender at her new residence in Michigan. The acknowledgment form stated that the service was "pursuant to Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure." Although Ehrnschwender received the summons and complaint on June 27, 1991, she did not return the acknowledgment of service.

Buggs made no further attempt to serve Ehrnschwender.

The Wrights and Ehrnschwender thereafter filed motions to dismiss under Fed. R.Civ.P. 12(b)(5) for insufficiency of service of process. Judge Cholakis granted these motions, and Buggs appealed. We affirm.

## DISCUSSION

A. *Sufficiency of Process Before the Transfer to the Northern District of New York*

■ Buggs attempted to serve process on Ehrnschwender and the Wrights under Fed.R.Civ.P. 4(c)(2)(C)(ii),[1] which authorizes service by mail. However, Rule 4(f) states that process other than by subpoena "may be served anywhere within the territorial limits of the state in which the district court is held," and out-of-state service of process may be carried out "when authorized by a statute of the United States or by these rules." Fed.R.Civ.P. 4(f). We have held that Rule 4(f) limits service by mail under Rule 4(c)(2)(C)(ii) to persons found within the state in which the district court sits. *See Datskow v. Teledyne, Inc.,* 899 F.2d 1298, 1302 (2d Cir.1990) ("There is no basis for believing that the adoption of mail service in 1983 was intended to permit disregard of Rule 4(f).").  Because the appellees had no pertinent contact with Pennsylvania, Buggs could not properly effect service of process by mail under Rule 4(c)(2)(C)(ii). Moreover, Buggs never completed the personal service necessary under Rule 4(c)(2)(C)(ii) when the acknowledgement of service was not returned.

■ Buggs argues alternatively that he served the summons and complaint on the Wrights pursuant to Fed.R.Civ.P. 4(c)(2)(C)(i), which allows methods of service authorized by the law of the state in

---

1. Rule 4(c)(2)(C)(ii) reads:
   (C) A summons and complaint may be served upon a defendant

   .    .    .    .    .

   (ii) by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment ... and a return envelope, postage pre-

   paid, addressed to the sender. If no acknowledgment of service ... is received by the sender within 20 days after the date of mailing, service of such summons and complaint shall be made under subparagraph (A) or (B) of this paragraph in the manner prescribed by subdivision (d)(1) or (d)(3).
   Fed.R.Civ.P. 4(c)(2)(C)(ii).

which the district court sits—here, the Commonwealth of Pennsylvania. However, he concedes that Pennsylvania's long-arm statute does not allow for personal jurisdiction when the only contact defendants have with the Commonwealth is an out-of-state automobile accident with a Pennsylvania resident. *See* 42 Pa.Cons. Stat.Ann. §§ 5323(a)(3), 5322(a)(4), 5322(d); *Dunnigan v. Silverthorn*, 542 F.Supp. 32, 33 (E.D.Pa.1982) (Pennsylvania long-arm statute does not authorize personal jurisdiction over non-residents in out-of-state automobile accident with Pennsylvania resident). Buggs therefore failed to effect service under either Fed.R.Civ.P. 4(c)(2)(C)(ii) or under Pennsylvania law before the transfer of the instant action to the Northern District of New York.

**B. *Sufficiency of Process after the Transfer to the Northern District of New York***

**1. The Wrights**

■ After the transfer to the Northern District of New York, Buggs made no attempt to re-serve the Wrights. Relying upon *Bentz v. Recile*, 778 F.2d 1026 (5th Cir.1985), Buggs contends that he was not required to re-serve the Wrights because the original service of process put the Wrights on notice of his claim against them and that further service would be superfluous.

In *Bentz*, the defendants were Louisiana residents from whom the plaintiff sought recovery on promissory notes. The action was brought in Mississippi state court after service on the defendants under Mississippi's long-arm statute. It was then removed to the district court for the Southern District of Mississippi, which held the long-arm statute unconstitutional as applied in that case. The Mississippi district court, finding that it lacked in personam jurisdiction, transferred the action to the Eastern District of Louisiana, which entered judgment for the plaintiff. The question that principally occupied the Fifth Circuit's attention on appeal was the legality of the transfer, which the court upheld as authorized under either 28 U.S.C. § 1404(a) or § 1406(a). In

a footnote, the court addressed the problem of ineffective service based on the plaintiff's failure, as in the instant matter, to re-serve the defendants after the case had been transferred to Louisiana. The footnote stated in pertinent part:

> The defendants have received all the notice service of process is designed to give [under the Mississippi long-arm statute]. While the better practice is to re-serve defendants after a case is transferred from a federal district court lacking in personam jurisdiction, a remand to the district court to allow such reservice in this case would, to this Court, be merely a useless act and a waste of judicial resources.

*Bentz*, 778 F.2d at 1028–29 n. 5. However, in the same footnote, the court stated, "We emphasize, however, that 'the act of transfer, *in and of itself*, [does not] cure any defect in service or cause previously unperfected jurisdiction to attach.'" *Id.* (quoting *Stewart Coach Indus., Inc. v. Moore*, 512 F.Supp. 879 (S.D. Ohio 1981) (emphasis in original)).

We confess some puzzlement over *Bentz*. There was nothing in that case, so far as we can determine, other than the transfer that "in and of itself" cured the constitutionally defective service under the Mississippi long-arm statute. The key to the puzzle may be the court's observation in the same footnote that there were neither statute of limitations nor choice of law problems in the case. *Id. Bentz* appears, therefore, to say only that where the defendant receives notice of an action through a defective service but an effective re-service will not alter the outcome of a case on the merits (liability in *Bentz* on the promissory notes being clear), a court will not reverse on the ground of defective service. Although our case is easily distinguishable—there appears to be a substantial statute of limitations problem that might well affect the outcome—we add the cautionary note that attorneys practicing in this circuit would be wise to comply with Rule 4 rather than rely upon harmless error analysis. Were this panel faced with the *Bentz* problem, we would find the service defective.

As noted, Buggs' original attempt at service of process from the Eastern District of Pennsylvania was defective under both Fed.R.Civ.P. 4(c)(2)(C)(ii) and under Pennsylvania law. Because there had been no effective service on any of the appellees as of the date the case was transferred to the Northern District of New York, Buggs was obligated to effect service in the new forum.

■ Buggs argues that the Wrights' failure to return the acknowledgement of service did not void the service by mail under Rule 4 after the case was transferred to the Northern District of New York. With regard to compliance with Rule 4(c)(2)(C)(ii), Buggs relies heavily on *Morse v. Elmira Country Club*, 752 F.2d 35 (2d Cir.1984). In *Morse*, the defendant was served by certified mail under Rule 4(c)(2)(C)(ii) before the statute of limitations had run. The defendant refused to return the acknowledgement of service, and personal service was effected only after the statute of limitations had run. Unlike the present case, the defendant in *Morse* was a resident of the state in which the action was originally filed. The service in *Morse* was thus in full compliance with Fed. R.Civ.P. 4(c)(2)(C)(ii). We held only that the defendant's failure to return the acknowledgement form did not render the action time-barred because the personal service necessitated by that failure was not effectuated until after the statute of limitations had run. As we noted, "[p]laintiff's actions in this case conformed with [the] exact requirements of [Rule 4(c)(2)(C)(ii) ], and all the necessary steps were complete ... prior to the statute of limitations deadline." *Morse*, 752 F.2d at 39. In such circumstances, we held that it would be inequitable to allow the defendant's failure to acknowledge receipt of the summons and complaint to result in a time-bar. *Id.* at 40.

However, in the present action, Buggs' original attempts failed to effect service under either Fed.R.Civ.P. 4(c)(2)(C)(ii) or under the law of the forum state, Pennsylvania. The original service on the Wrights was thus ineffective for reasons other than the failure to return the acknowledgment of service, and *Morse* does not apply. Moreover, the personal service required when an acknowledgement of service is not returned was never effected.

2. Ehrnschwender

■ Unlike the Wrights, Ehrnschwender received service of process *after* the transfer to the Northern District of New York. The acknowledgment form that was enclosed with the summons and complaint, signed by Buggs' counsel on June 25, 1991, stated that the papers "are served pursuant to Rule 4(c)(2)(C)(ii) of the Federal Rules of Civil Procedure." However, service under that rule was ineffective for the same reasons that the original service from the Eastern District of Pennsylvania failed: (1) service by mail, as authorized by Rule 4(c)(2)(C)(ii), is limited to in-state defendants by Rule 4(f); and (2) the acknowledgment form was never returned, necessitating personal service that was never effectuated.

■ Because there has not been compliance with Rule 4(c)(2)(C)(ii), we address whether the post-transfer service on Ehrnschwender was effective under New York law. *See* Fed.R.Civ.P. 4(e) (service upon party not inhabitant of or found within state may be effected according to forum state laws). New York's long-arm statute, C.P.L.R. § 302(a)(2) (McKinney 1990), authorizes personal jurisdiction over a person who "commits a tortious act within the state." However, the statutory procedures must be strictly followed for service to be effective. *See Markoff v. South Nassau Community Hosp.*, 61 N.Y.2d 283, 288, 473 N.Y.S.2d 766, 461 N.E.2d 1253 (1984) ("Actual notice alone will not sustain the service or subject a person to the court's jurisdiction when there has not been compliance with prescribed conditions of service."); *Miron Lumber Co., Inc. v. Phylco Realty Dev. Co.*, 151 Misc.2d 139, 572 N.Y.S.2d 992, 995 (N.Y.City Civ.Ct.1991) ("[S]ervice of process which does not strictly comply with specifically authorized statutory methods will not be upheld even if defendant subsequently receives the improperly served process and thereby learns that an action is pending against it.").

In the instant matter, Buggs did not follow the statutory methods of service on out-of-state residents outlined in N.Y.C.P.L.R. § 312–a. New York law allows for service of process by first-class mail against out-of-state defendants as an alternative to personal service of process, *see* N.Y.C.P.L.R. § 312–a(a),[2] with service of process "complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender." N.Y.C.P.L.R. § 312–a(b)(1).[3] There are two defects in Buggs' attempted post-transfer service on Ehrnschwender. First, and perhaps surprisingly, there is New York caselaw stating that the use of certified instead of first class mail voids the service. *See Miron Lumber*, 572 N.Y.S.2d at 995 (fact that summons and complaint were sent certified mail instead of by first-class mail fatal to court's jurisdiction under N.Y.C.P.L.R. § 312–a). Second, Ehrnschwender did not return the acknowledgment of service, which Section 312–a(b) explicitly requires for service to be complete. *See also Shenko Elec., Inc. v. Hartnett*, 161 A.D.2d 1212, 558 N.Y.S.2d 859 (1990) ("Service is complete only when the acknowledgment of receipt ... is mailed or returned to the sender."). Failure of service under Section 312–a obliged Buggs to resort to other methods of service under Article 3 of N.Y.C.P.L.R., which he failed to do.[4]

Affirmed.

---

**2.** Section 312–a(a) states in pertinent part:

As an alternative to the methods of personal service ... a summons and complaint, or summons and notice, or notice of petition and petition may be served by the plaintiff, the plaintiff's attorney or an employee of the attorney by mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint, or summons and notice or notice of petition and petition, together with two copies of a statement of service by mail and acknowledgement of receipt ... with a return envelope, postage prepaid, addressed to the sender.

N.Y.C.P.L.R. § 312–a(a) (McKinney 1990).

**3.** Section 312–a(b)(1) states:

(b) Completion of service and time to answer. 1. The defendant, defendant's attorney or an

employee of the attorney must complete the acknowledgement of receipt and mail or deliver a copy of it within thirty (30) days from the date of receipt. An action is commenced and service is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender. The signed acknowledgment of receipt shall constitute proof of service.

N.Y.C.P.L.R. § 312–a(b)(1) (McKinney 1990).

**4.** For similar reasons, the original service on the Wrights would not be effective under New York law even if there was no need to re-serve. The Wrights having failed to return the acknowledgement of service, service was not complete under N.Y.C.P.L.R. § 312–a(b) (McKinney 1992).