■ In the Matter of CHARLES A. PERRENOD, JR., Appellant, v LIBERTY BOARD OF EDUCATION FOR THE LIBERTY CENTRAL SCHOOL DISTRICT et al., Respondents. [636 NYS2d 210] —Spain, J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered August 24, 1994 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, review certain provisions of employment contracts negotiated by respondent Board of Education for the Liberty Central School District.

Respondents include the Board of Education for the Liberty Central School District (hereinafter the Board), the Superintendent of the School District and the unions which represent the administrators and the teachers employed by the School District. In the early 1990's the Board entered into employment contract negotiations with the Superintendent, the administrators' union and the teachers' union, and contracts were eventually finalized. Each of the contracts in question included a provision for paid sick days as an employee benefit and allowed the affected employees to accumulate sick days over the years of employment and convert all accumulated unused sick days into cash upon retirement or termination.

Petitioner commenced the instant proceeding seeking, *inter alia*, an order declaring each of the contracts null and void and further requiring the Superintendent and the unions to return to the taxpayers "public monies" given to them "without right". The petition claims that the provisions contained in the respective contracts, which allow employees to "cash-in" accumulated unused sick days, are contrary to NY Constitution, article VIII, § 1 and are violative of public policy. After Supreme Court denied respondents' procedural motions, issue was joined. Thereafter, Supreme Court, upon review of the merits, concluded (1) that the contract provisions were in accordance with the Taylor Law (*see*, Civil Service Law § 200 *et seq.*), (2) that payments for unused sick days were reasonable considerations in return for the services expected of the employees affected by the respective contracts, and (3) that there was no evidence that the NY Constitution, Civil Service Law or public policy was violated. Accordingly, Supreme Court dismissed the petition. Petitioner appeals.

We affirm. Initially it is well settled that the Board, as a mu-

nicipal corporation organized under Education Law § 1801 (*see,* Education Law § 1701), possesses broad authority to make contracts for employment of its teaching staff and administration (*see, Matter of Teachers Assn. [Board of Educ.],* 34 AD2d 351; *see also,* Education Law § 1604 [8]; § 1711 [1], [3]; § 1804 [1]). The Board is authorized to exercise the express or implied powers granted to it by the Education Law and by other statutes which are "reasonably necessary" to discharge its duties (Education Law § 1709 [33]). The Board is also required to abide by the Taylor Law (Civil Service Law § 200 *et seq.*), which states that the public policy of the State is to "promote harmonious and cooperative relationships between government and its employees" (Civil Service Law § 200); it seeks to effectuate that policy by requiring that State and local governments and other political subdivisions negotiate and enter into written agreements with certified or recognized organizations representing public employees regarding terms and conditions of employment (Civil Service Law §§ 200, 204 [1], [2]). Failure to do so will constitute an improper employer practice (Civil Service Law § 209-a [2]).

Whether the provisions regarding cash payments for unused accumulated sick days are valid depends upon whether "sick leave" constitutes a term or condition of employment (*see, Board of Educ. v Associated Teachers,* 30 NY2d 122, 127). If so, the Board was required to negotiate as to such term or condition and, upon reaching an agreement with the unions, was required to incorporate it into the collective bargaining agreement (*see, supra,* at 127). This authority, however, may be limited if it is shown that some statutory provision expressly prohibits collective bargaining as to a particular specific term or condition of employment (*see, supra,* at 130). Here petitioner has not come forward with any statutory authority expressly prohibiting the subject of sick leave in collective bargaining agreements or specifically rejecting the propriety of cash payments for accumulated unused sick time. Moreover, the issue of sick leave has been held to be a term and condition of employment which would require the Board to negotiate the matter and include any agreement in its contracts (*see, Syracuse Teachers Assn. v Board of Educ.,* 42 AD2d 73, *affd* 35 NY2d 743).

Further, we find disturbing petitioner's heavy reliance on the Supreme Court decision in *Matter of Teachers Assn. (Board of Educ.)* (61 Misc 2d 492). As correctly pointed out by respondents, the rule of law set forth in that decision was expressly reversed by the Second Department on appeal (*Mat-*

*ter of Teachers Assn. [Board of Educ.]*, 34 AD2d 351, 354, *supra*), which specifically held that a board of education has the authority to enter into a collective bargaining agreement which provides for cash payments for unused accumulated sick days (*see,* Civil Service Law § 167 [4]; Education Law § 501 [11]; § 3107; General Municipal Law § 92).

We also reject petitioner's assertion that similar provisions in the Superintendent's contract are invalid. The Board has express statutory authority to enter into an employment contract with the Superintendent (*see,* Education Law § 1711 [1], [3]; § 1804 [1]). Its authority extends to inclusion of "such terms as shall be mutually acceptable to the parties, including but not limited to, fringe benefits" (Education Law § 1711 [3]).

We have reviewed petitioner's remaining contentions, including the claim that the accumulated unused sick days were improperly included in the calculation of an employee's final average salary, and find them to be without merit.

Cardona, P. J., Mikoll, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.