OPINION OF THE COURT
Rolando T. Acosta, J.
Defendant moves for an order dismissing the action pursuant to CPLR 3211 (a) (8), contending that plaintiffs attempt to serve him by mail under CPLR 312-a was ineffective since defendant never signed or returned the acknowledgment-of-receipt form required thereunder. Nor did plaintiff attempt to serve defendant by any other means upon defendant’s failure to return the required acknowledgment form.
Plaintiff opposes the motion and cross-moves for an order dismissing defendant’s lack-of-personal-jurisdiction defense. Plaintiff argues that defendant’s challenge to personal jurisdiction, arising from defendant’s failure to return the acknowledgment-of-receipt form, was effectively waived by defendant’s interposing of an answer with a counterclaim, and *849 by defendant’s demand for a bill of particulars. Plaintiff maintains that CPLR 320 (b), which permits a defendant to couple an appearance/answer with a challenge to personal jurisdiction, does not apply when plaintiff attempts to serve by mail.
The motion and cross motion require the court to decide whether service by mail under CPLR 312-a may be deemed effective where the defendant, instead of returning the acknowledgment form as statutorily required, answers the complaint, asserting an affirmative jurisdictional defense. The motions also require the court to decide whether the waiver exception in CPLR 320 (b) applies when plaintiff attempts to serve the defendant by mail under CPLR 312-a.
BACKGROUND
Plaintiff law firm is suing its former client for, inter alia, breach of contract, claiming that defendant failed to pay certain fees arising from plaintiff’s representation of defendant in various prior actions. On June 22, 1998, plaintiff attempted to personally serve defendant by mail pursuant to CPLR 312-a by mailing defendant the summons and complaint and the acknowledgement-of-receipt form prescribed by CPLR 312-a (d). Although defendant admits that he received the summons and complaint in the mail, he alleges (and plaintiff concedes) that he did not return the acknowledgement-of-receipt form to plaintiff within 30 days of the mailing. Nor did defendant ever return the acknowledgement-of-receipt form to plaintiff.
Indeed, instead of returning the acknowledgment form, defendant served an answer upon plaintiff 46 days after the initial mailing of the summons. In his answer, defendant alleged, as an affirmative defense, that “[t]he Court lacks jurisdiction over the person of the defendant because service of the summons & complaint was not in full compliance with Section 308 of the C.P.L.R.” Defendant also asserted several counterclaims against plaintiff in his answer. Further, defendant served, along with his answer, a demand for a bill of particulars.
Following the service of his answer, defendant timely moved to dismiss the action for lack of personal jurisdiction pursuant to CPLR 3211 (a) (8). Plaintiff opposed the motion and cross-moved to strike that affirmative defense, arguing that it was waived by, inter alia, defendant’s appearance and answer. Plaintiff contends that the lack-of-jurisdiction defense was also waived because the affirmative defense, as alleged in defen *850 dant’s answer, lacked specificity since it alleged that “service * * * was not in full compliance with Section 308 of the C.P.L.R” when in fact plaintiff attempted service under CPLR 312-a.
DISCUSSION
In 1989, the Legislature, building upon the Federal experience, adopted a less expensive and more efficient way to effect personal service: service by first class mail. The statute, CPLR 312-a (a), provides, in pertinent part, that: “a summons and complaint * * * may be served by the plaintiff or any other person by mailing to the person or entity to be served, by first class mail, postage prepaid, a copy of the summons and complaint * * * together with two copies of a statement of service by mail and acknowledgement of receipt in the form [prescribed by statute]”. (See also, CCA 403 [expressly incorporating the personal service by mail provision, CPLR 312-a, as an alternative means of service].)
Should defendant wish to accept service by mail, defendant would be required to complete the acknowledgment-of-receipt form and mail or deliver it to plaintiff within 30 days of receipt. (CPLR 312-a [b].) Although CPLR 312-a (b) provides that service by mail is “complete on the date the signed acknowledgement of receipt is mailed or delivered” to the plaintiff, in Civil Court such service would be complete only upon the filing of proof of service (i.e., the signed acknowledgment-of-receipt form). (See, CCA 410 [b].)
Defendant, of course, is not required to sign and return the acknowledgment-of-receipt form to plaintiff. (Patterson v Balaquiot, 188 AD2d 275 [1st Dept 1992]; Matter of Shenko Elec. v Hartnett, 161 AD2d 1212, 1213 [4th Dept 1990].) Should defendant fail to return the acknowledgment form, however, defendant later would be required to pay plaintiff the reasonable expenses which may be incurred by plaintiff’s resort to an “alternative method” of service of process. (CPLR 312-a [f].)
Further, if defendant does not mail or deliver the acknowledgment to plaintiff within 30 days, “the plaintiff is [placed] on notice that his attempted mail service has aborted [and] [h]e must then resort to other methods of service provided in CPLR article 3.” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C312-a:4, at 424.) As the Appellate Division stated in Matter of Shenko Elec. v Hartnett (supra, 161 AD2d, at 1213), “[i]f the acknowledgment of receipt is not mailed or returned to the sender, the sender is required *851 to effect personal service in another manner.” (See also, Miron Lbr. Co. v Phylco Realty Dev. Co., 151 Misc 2d 139, 143 [Civ Ct, Kings County 1991, Rivera, J.].) In effect, the success of service by mail is dependent in large part upon the cooperation of the served party (i.e., the defendant).
Here, there is no question that defendant, having failed to mail or deliver the acknowledgment-of-receipt form back to plaintiff within 30 days as required by CPLR 312-a, refused to cooperate with plaintiff’s, attempted service. Thus, plaintiff’s attempted use of service by mail, while applaudable as an inexpensive and efficient means of service, failed to effect personal service upon defendant in this case. Indeed, having failed to receive the acknowledgment form within 30 days (plus any applicable mailing period), plaintiff was placed “on notice that his attempted mail service has aborted.” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C312-a:4, at 424.) At that point, plaintiff was obliged to “resort to other methods of service” (ibid.), at defendant’s subsequent expense. (CPLR 312-a [f]; see, Miron Lbr. Co. v Phylco Realty Dev. Co., supra, 151 Misc 2d, at 143 [“it was incumbent upon plaintiff to serve defendant with process under CPLR article 3 once defendant failed to return the acknowledgment of service (form)”].)
That defendant, in response to the summons and complaint, served an answer upon plaintiff instead of the acknowledgment form is not a sufficient reason to overlook the failure to strictly comply with the statutory requirements of CPLR 312-a. It is well settled that “[s]ervice [of process] is only effective * * * when it is made pursuant to the appropriate method authorized by the CPLR.” (Markoff v South Nassau Community Hosp., 61 NY2d 283, 288 [1984]; see, Macchia v Russo, 67 NY2d 592, 595 [1986]; Feinstein v Bergner, 48 NY2d 234, 241 [1979].) Thus, “[a]ctual notice alone will not sustain * * * service or subject a person to the court’s jurisdiction when there has not been compliance with prescribed conditions of service.” (Markoff v South Nassau Community Hosp., supra, 61 NY2d, at 288; see also, Macchia v Russo, supra, 67 NY2d, at 595 [“Notice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court”]; Miron Lbr. Co. v Phylco Realty Dev. Co., supra, 151 Misc 2d, at 142 [“service of process which does not strictly comply with specifically authorized statutory methods will not be upheld even if defendant subsequently receives the improperly served process and thereby learns that an action is pending against it”].)
*852 CPLR 312-a (d) requires a defendant to return, within 30 days, not an answer to the complaint, but an acknowledgment form in which defendant expressly acknowledges, under oath, that he has “received a summons and complaint.” Significantly, the answer served in this case, far from acknowledging proper receipt of the summons and complaint, affirmatively alleges the precise opposite — that defendant was not properly served. Further, even if an answer may be accepted in lieu of an acknowledgment form in a proper case, the answer served here would not qualify since it was delivered to plaintiff well after the statutory 30 days had expired.
Under these circumstances, the answer served in this case cannot be equated in any way with the acknowledgment-of-receipt form prescribed by CPLR 312-a (d), sufficient to confer personal jurisdiction over defendant. Inasmuch as defendant failed to return the acknowledgment form and plaintiff concededly failed to effect service by any other means, defendant was not properly served under CPLR article 3.
Contrary to plaintiffs claims, defendant did not submit to the personal jurisdiction of the court, or otherwise waive his challenge thereto, by appearing and answering the complaint. The waiver-by-appearance statute, CPLR 320 (b), provides, in pertinent part, that “an appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under paragraph eight of subdivision (a) of rule 3211 is asserted by motion or in the answer” (emphasis added). Thus, “[w]hen the defendant appears but couples his appearance with an objection to jurisdiction over his person, he * * * insulates [himself] from a submission to personal jurisdiction.” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C320:4, at 493.)
Here, defendant appeared in the action by serving his answer 46 days after the mailing of the summons and complaint. Because defendant “couple [d] his appearance with an objection to jurisdiction over his person” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C320:4, at 493), however, he has effectively preserved his right to challenge the in personam jurisdiction of the court. Although plaintiff contends that the waiver exception in CPLR 320 is inapplicable where service is attempted under CPLR 312-a, plaintiff fails to set forth any reason at all for invalidating the waiver exception in CPLR 320 (b) when personal service by mail, as opposed to other methods of service, is used.
Nor can the court conceive of any legitimate reason for invalidating the plain language of the waiver exception. Indeed, *853 when the Legislature adopted CPLR 312-a in 1989 and amended it thereafter, the Legislature made corresponding amendments to various related statutory provisions to accommodate the new service-by-mail statute that was being enacted (see, e.g., CPLR 306 [d]; CCA 403, 1908-a; UDCA 403, 1908-a; UCCA 403, 1908-a; UJCA 403, 1908-a). Yet, the Legislature did not amend the waiver exception provision in CPLR 320 (b).
The failure to amend CPLR 320 (b), or otherwise statutorily carve out the exception to the exception which defendant espouses, evinces the Legislature’s intent to leave that statutory provision intact. The court finds that CPLR 320 (b), which permits a defendant to answer a complaint while simultaneously raising a challenge to the court’s jurisdiction, applies even when plaintiff attempts to serve by mail pursuant to CPLR 312-a. Thus, plaintiff’s claim that defendant waived his jurisdictional challenge by voluntarily appearing in the action is meritless. Defendant’s objection to personal jurisdiction is effectively preserved by virtue of CPLR 320 (b).
Nor did defendant submit to the court’s jurisdiction by demanding a bill of particulars (Ortiz v Booth Mem. Med. Ctr., 94 AD2d 698, 699 [2d Dept 1983]; Al-Dohan v Kouyoumjian, 93 AD2d 714, 716 [1st Dept 1983]), or by asserting a counterclaim in his answer, inasmuch as the counterclaim, as plaintiff seems to concede, was clearly “related” to the complaint in the underlying action. (Textile Technology Exch. v Davis, 81 NY2d 56, 59 [1993].)
Finally, notwithstanding plaintiff’s contentions to the contrary, defendant pleaded his affirmative jurisdictional defense with sufficient particularity by alleging that “[t]he Court lacks jurisdiction over the person of the defendant because service of the summons & complaint was not in full compliance with Section 308 of the C.P.L.R.” Defendant was not required, as a prerequisite to preserving his jurisdictional objection, to cite specifically to CPLR 312-a in his affirmative defense since plaintiff, having failed to receive the acknowledgment-of-receipt form, was already placed “on notice that [its] attempted mail service has aborted.” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C312-a:4, at 424.)
Further, defendant’s citation to CPLR 308, entitled “Personal service upon a natural person”, was perfectly proper since that is the method of service to which plaintiff was required to “resort” when its service attempt under CPLR 312-a failed. Notably, plaintiff could not have resorted to the remaining *854 methods of service since they simply do not apply to the defendant in this case. (See generally, CPLR 307 [“Personal service upon the state”], CPLR 309 [“Personal service upon an infant, incompetent or conservatee”], CPLR 310 [“Personal service upon a partnership”], CPLR 311 [“Personal service upon a corporation or governmental subdivision”], CPLR 312 [“Personal service upon a court, board or commission”].)
Finally, plaintiffs reliance upon Walden v Thagard (67 AD2d 973, 974 [2d Dept 1979]) is misplaced since the pleadings regarding the jurisdictional objection in Walden, unlike the pleadings here, clearly “did not fairly apprise plaintiff of the [jurisdictional] objections [being] made” and thus would have likely “ ‘take[n] the adverse party by surprise’.” The plaintiff here does not even claim that it was taken by surprise, or that it was otherwise misled, by the import of defendant’s plain jurisdictional challenge. In short, defendant’s affirmative defense was sufficiently pleaded.
CONCLUSION
Inasmuch as defendant failed to return the acknowledgment form and plaintiff concededly failed to effect service by any other means, defendant was not properly served under CPLR article 3. Accordingly, the court lacks in personam jurisdiction over the defendant. Defendant’s motion to dismiss the complaint is granted pursuant to CPLR 3211 (a) (8), and plaintiffs cross motion to strike the affirmative defense is denied.