**Edward JOHNSON, Plaintiff–Appellant,**

v.

**NEW YORK CITY BOARD OF EDU-CATION, Frank Butler, and Antho-ny Fazio, Defendants–Appellees,**

**Service Employees International Union and Sal Aladeen, Defendants.**

No. 01–7534.

United States Court of Appeals, Second Circuit.

Dec. 6, 2001.

Pamela D. Hayes, N.Y., NY, for appellant.

Fay Ng, Ass't Corp. Counsel, N.Y., NY, for appellees.

Present OAKES, KEARSE and CALABRESI, Circuit Judges.

Plaintiff Edward Johnson appeals from a judgment of the United States District Court for the Eastern District of New York, Sterling Johnson, Jr., *Judge*, dis-

missing his complaint for failure to make proper and timely service of his summons and complaint on defendant New York City Board of Education (the "Board") as required by Fed.R.Civ.P. 4(m). On appeal, plaintiff argues that the summons and complaint were properly served within the 120 day period allowed by Rule 4(m), or, alternatively, that the failure to make such service was the result of excusable neglect. Finding no basis for reversal, we dismiss the appeal in part and affirm the judgment of the district court.

The notice of appeal states that plaintiff challenges the judgment dismissing "the claims asserted ... against defendant [sic] New York City Board of Education, Frank Butler and Anthony Fazio" (Plaintiff's Notice of Appeal dated April 30, 2001); and his brief on appeal generally refers to defendants in the plural (see, e.g., Plaintiff's brief on appeal at 13 ("Appellant prays that this Court reverse the Judgement of the District Court and deem Defendants Appellees served nunc pro tunc....")). At the hearing on the motion to dismiss, however, the district court noted that "[p]laintiff's attorney, Pamela D. Hayes, states in her affirmation in opposition to defendant's motion to dismiss dated October 30, 2000, that she informed opposing counsel that [plaintiff's] action would be dismissed as to Frank Butler and Anthony Fazio." (Hearing Transcript, March 29, 2001, at 3). Noting further that "[a] stipulation of discontinuance as to Sal Alladeen [sic] and the Service Employee[s] International Union was signed on November 1, 2000 and so ordered by this Court on November 15, 2000," the court stated that "[a]ccordingly, the Board of Education is now the sole remaining defendant." (Id.) Plaintiff did not dispute or otherwise object to this characterization of the status of the case. Thus, there was no ruling on which plaintiff could base an appeal against any defendant other than the Board. Accordingly, to the extent that plaintiff requests in this Court relief against any defendant other than the Board, the appeal is dismissed.

The complaint in the present action was filed on September 24, 1999. Under Rule 4(m), plaintiff was required to make proper service of the summons and complaint within 120 days thereafter, i.e., on or before Monday, January 24, 2000, see Fed. R.Civ.P. 6(a) (when the last day for performance of an act required by the Rules falls on a Saturday, performance is due on the next business day). Rule 4(j)(2) governs service on state and local governmental organizations, such as the Board, see, e.g., Perrenod v. Liberty Board of Education for the Liberty Central School District, 223 A.D.2d 870, 870–71, 636 N.Y.S.2d 210, 212 (3d Dep't 1996) (holding that Board of Education is a municipal corporation, citing N.Y. Educ. Law § 1701), and provides that such an entity may be served either "by delivering a copy of the summons and of the complaint to its chief executive officer" or by effecting service in the manner prescribed by the law of the pertinent state. Fed.R.Civ.P. 4(j)(2). New York State law allows a plaintiff to attempt service by mail, see N.Y. C.P.L.R. § 312–a(a) (McKinney Supp.2001); but such service is not effective unless the defendant signs and returns an "acknowledgement of receipt," see id. § 312–a(b) ("Service is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender."). Thus, "[w]hen the defendant refuses to return an acknowledgement of receipt in response to a CPLR 312–a mailing, plaintiff must re-serve process, using one of the traditional methods of service...." C.P.L.R. § 312–a Supplementary Practice Commentaries, C312 a:5, 1999, at 274 (McKinney Supp.2001). A defendant's mere knowledge of a lawsuit is not a substitute for the acknowledgement of personal service by mail. See, e.g., Kostelanetz & Fink, L.L.P. v. Zhao, 180

Misc.2d 847, 849–51, 694 N.Y.S.2d 285, 287–88 (N.Y.Civ.Ct.1999) (holding service defective where, although defendant received notice of the complaint by mail, he did not return the acknowledgement form, for " '[a]ctual notice alone will not sustain ... service or subject a person to the court's jurisdiction when there has not been compliance with prescribed conditions of service.' " (quoting *Markoff v. South Nassau Community Hospital*, 61 N.Y.2d 283, 288, 473 N.Y.S.2d 766, 768, 461 N.E.2d 1253 (1984))).

In the present case, plaintiff asserts that he served the Board (and the other defendants) in December 1999. However, he admits that he merely attempted such service by mail, and he concedes that he did not receive any acknowledgement of receipt. He also made a mailing in February 2000, but again he received no acknowledgement of receipt. Accordingly, he was required to make service in another manner permitted by law. No formal service was made, however, until May or June 2000, more than four months beyond the allowed 120 day period. Thus, the district court correctly ruled that plaintiff did not make timely service under Rule 4(m).

Plaintiff contends that the court should have extended his time to make service because of his attempts to serve by mail and because the Board was aware of the lawsuit. Although such an extension is allowed "if the plaintiff shows good cause for the failure," Fed.R.Civ.P. 4(m), attorney neglect is not good cause, *see, e.g., McGregor v. United States*, 933 F.2d 156, 159–60 (2d Cir.1991). We see no abuse of discretion in the district court's finding that there was no good cause and no excusable neglect here. Plaintiff's attorney plainly was aware that she had not received any acknowledgement of receipt of service, yet she made no attempt to effect service in any other manner within 120 days after filing the complaint, or, indeed, within eight months after filing the complaint. Further, the record indicates that legal counsel for the Board telephoned plaintiff's attorney in early March 2000 to alert her that the February 2000 mailings did not include the summons and to inform her of the need to make proper service; thereafter, Board counsel wrote plaintiff's attorney in mid-April 2000 with regard to the ineffective service, stating that he had not heard from plaintiff's attorney since his telephone call to her some six weeks earlier. After that letter, another seven weeks passed before plaintiff, for the first time, attempted to make service other than by mailing. Assuming that the district court had discretion to excuse the failure to make timely service even in the absence of good cause, we see no abuse of discretion in this case.

We have considered all of plaintiff's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.